## Charles Olson v. Mackolite Fire Proofing Company.

### Gen. No. 11,324.

1. FOREIGN JUDGMENT—*right to attack jurisdiction of court entering.* In an action of debt upon a judgment rendered in a sister state it is competent to show by parol that such court never acquired jurisdiction of the person of the defendant.

Action of debt. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed October 25, 1904. Rehearing denied November 4, 1904.

**Statement by the Court.** Plaintiff in error brought in the Superior Court an action of debt against defendant in error, upon a judgment of a district court of Nebraska for $795.72, damages and costs. The first plea was *nul tiel* record, upon which issue was joined. The defendant by its second, fourth, fifth, sixth and eighth pleas in various ways denied that the said district court of Nebraska had at the time of the rendition of the judgment in any way obtained jurisdiction of the person of the defendant. To each of these pleas the plaintiff replied as follows: "And the plaintiff as to the plea of the defendant by it * * * above pleaded says, *precludi non*, because he says that the record of the said judgment in the declaration alleged in said cause, now remains in the said District Court for the Fourth Judicial District for the State of Nebraska, for Douglas county, and that the said record of the said judgment shows an adjudication by

the said court in the said cause, that the said defendant was duly served with summons in the said cause, and that the said defendant was in default of answer or demurrer, and that the allegations of the plaintiff's petition in said cause were by the said defendant confessed to be true. And this the defendant is ready to verify by the said record, etc., and he prays that the same may be seen and inspected by the court here, etc."

To these replications demurrers were sustained March 28, 1903, and the plaintiff elected to stand by his replications. An additional plea was filed and to the replication to that plea a demurrer was sustained June 27, 1903. The plaintiff then moved for leave to reply to the additional plea and to reply double to the second plea; both motions were denied and the court, on motion of defendant, gave judgment of *nil capiat* against the plaintiff, to reverse which this writ of error is prosecuted.

DARROW & MASTERS, for plaintiff in error.

LACKNER, BUTZ & MILLER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The sufficiency of the fourth, fifth, sixth and eighth pleas to bar the action is not questioned. Demurrers to the replications to each of these pleas were sustained and the plaintiff elected to stand by his replications. Upon this record the defendant was entitled to a judgment of *nil capiat* against the plaintiff, although there were issues joined upon other pleas. Mt. Carbon C. & R. R. Co. v. Andrews, 53 Ill. 177.

The decision in the case turns upon the question of the sufficiency of the replications to the fourth, fifth, sixth and eighth pleas. The replications in effect confess that the District Court of Nebraska never in any way acquired jurisdiction of the person of the defendant and rely solely upon the averment that the record of the judgment sued on shows an adjudication by that court, made in the cause, that the defendant therein was duly served with summons in the cause. Counsel for plaintiff in error rely upon the

case of Zepp v. Hager, 70 Ill. 226, in which it was held that where the record of a judgment of a court of general juris-diction-of another state shows personal service of summons on the defendant no evidence will be heard to impeach the record. The decision in that case was based upon the de-cision of the Supreme Court of the United States in Mills v. Duryee, 7 Cranch, 481. But the case of Mills v. Duryee can no longer be regarded as authority for the rule de-clared in Zepp v. Hager. In the case of Thompson v. Whitman, 85 U. S. 457, the Supreme Court of the United States after a careful examination of Mills v. Duryee and a great number of other cases held :

1.   Neither the constitutional provision, that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, nor the act of Congress passed in pursuance thereof, prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered.

2.   The record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction; and if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist.

3.   Want of jurisdiction may be shown either as to the subject-matter or the person, or, in proceedings *in rem*, as to the thing.

The doctrine laid down in Thompson v. Whitman, *supra*, is still the doctrine of the Supreme Court of the United States.

The decision of the question depends altogether upon the construction of the constitution and laws of the United States. Without that provision of the constitution which declares that " full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state " and the act of Congress passed to carry it into effect, it is well settled that the record in ques-tion would not in this state be conclusive as to the facts necessary to give the District Court of Nebraska jurisdiction,

for it would be regarded like any other foreign judgment and as to a foreign judgment the inquiry is always open whether the court by which it was rendered had jurisdiction of the person of the defendant. Thompson v. Whitman, *supra*. The Supreme Court of the United States must be regarded as the highest and best authority as to the construction of the constitution and laws of the United States.

The decision of the Superior Court is in accordance with the last declaration of the Supreme Court of the United States upon the questions involved in this case and the judgment of that court will be affirmed.

*Affirmed.*

Mr. Justice Stein took no part in the decision of this case.