HARRY FORD V. STATE OF NEBRASKA.

FILED JUNE 7, 1907. No. 14,695.

1. Statutes: CONSTRUCTION. In construing a statute it will not be presumed that the legislature intended any provision of an act to be without meaning.

2. **Intoxicating Liquors, Keeper of.** A person who is found in possession of intoxicating liquors, with the intention of disposing of same without license, is a keeper within the meaning of the provisions of section 20, ch. 50, Comp. St. 1905.

3. **Criminal Law: INFORMATION: SEVERAL COUNTS: VERDICT.** Where several counts are included in the same information, a conviction on one count may be sustained, although the jury ignore the others, and a judgment upon one of several counts, with no verdict as to the others, operates as an acquittal on the other counts. *Casey v. State*, 20 Neb. 138, overruled.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*Rinaker & Bibb,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

JACKSON, C.

The plaintiff in error was prosecuted for a violation of the Slocumb law. The information contains four counts. The jury returned a verdict of guilty on the second count and ignored the other three. A motion in arrest of judgment was interposed on the ground that the count upon which the verdict of guilty was rendered does not charge an offense punishable under the laws of the state. The motion was overruled, and a judgment of conviction rendered on the verdict. The count upon which the conviction rests is as follows: "Said S. D. Killen, county attorney aforesaid, further upon his oath gives this court to understand that on or about the 9th day of July, 1905, on the second floor of the two-story brick building at the southeast corner of Third and Court streets in the city of Beatrice, Gage county, Nebraska, Harry Ford then and there did unlawfully keep and have for sale certain intoxicating liquors, to wit, whiskey, without having first obtained a license or druggist's permit therefor; that said intoxicating liquor above described was intended to be and was then and there by said Harry Ford being kept

for sale unlawfully without license or druggist's permit therefor, nor was said whiskey kept for sacramental or mechanical purposes, nor for home consumption, but said whiskey was kept for sale by said Harry Ford unlawfully and contrary to the form of the statute in such case provided, and against the peace and dignity of the state of Nebraska."

The complaint is made under the provisions of section 20, ch. 50, Comp. St., 1905, the portion of which involved in the inquiry is as follows: "Hereafter it shall be unlawful for any person to keep for the purpose of sale without license any malt, spirituous, or vinous liquors in the state of Nebraska, and any person or persons who shall be found in possession of any intoxicating liquors in this state, with the intention of disposing of the same without license in violation of this chapter, shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined or imprisoned as provided in section eleven of this chapter." The objection urged against the information is that it does not charge that the defendant was found in possession of the liquors unlawfully kept for sale, that the gravamen of the offense lies in the fact of being found in possession, and that the complaint omitting the words "found in possession," therefore, states no offense under the statute. We do not assent to that construction. The statute should be construed with reference to its object, the connection with which the provisions are used, the evident intention of the legislature, and so as to give it a practical operation, so far as possible. The word "keep" denotes possession, and the statute makes the fact of being found in possession evidence that the person so found is keeping intoxicating liquors within the meaning of the statute, and, if it is further shown that the possession is coupled with an "intention of disposing of the same without license in violation" of the law, the crime is complete. The complaint is not very artistically drawn. It will be noticed that it does not charge in the language of the statute that the liquors were kept with the intention

of disposing of them without license. The allegation is that the liquor "was intended to be and was then and there by said Harry Ford being kept for sale unlawfully without license." It is sufficient to charge a statutory misdemeanor in the language of the statute, but a complaint is not necessarily fatal because it fails to use the precise words of the statute. If plain language of a precisely equivalent meaning is used, it is generally held to be sufficient. The construction contended for would apparently make the first clause of the section meaningless. We think that the complaint was sufficient against an attack coming for the first time after conviction.

Complaint is also made that the verdict does not respond to all the counts of the information, and that the verdict is therefore contrary to law under our holdings in *Williams v. State,* 6 Neb. 334, and *Casey v. State,* 20 Neb. 138. In the case of *Williams v. State* the identical question was not involved, and that case is not to be taken as authority on the question now being discussed. The holding in *Casey v. State* was put upon the ground that, having adopted the Ohio code, we were bound to follow the courts of that state in the construction accepted by them. The supreme court of Ohio, however, no longer follows the rule contended for. *Jackson v. State,* 39 Ohio St. 37. The general rule is that a verdict of guilty on one count, without responding to other counts in the same information, is equivalent to a verdict of not guilty as to such other counts. Wharton, Criminal Pleading, sec. 740. In fact, so far as the writer has investigated the question, this court stands alone in holding to a contrary doctrine. The case of *Casey v. State, supra,* was reviewed and criticised by the supreme court of the United States in *Selvester v. United States,* 170 U. S. 262, where the principle is discussed and the general rule announced as being contrary to our decision. A well-considered case on the subject is that of *State v. McNaught,* 36 Kan. 624, where the authorities are reviewed. The reason which induced the decision in *Casey v. State, supra,* no longer prevails, and

there remains no reason why our decision in this case should not rest upon correct principles of law and be in harmony with the weight of authority.

It is said that the second count of the information is insufficient for the further reason that it is not charged that the offense was committed in the state of Nebraska. It will be observed that the charge is that the offense was committed "in the city of Beatrice, Gage county, Nebraska." We do not regard the omission of the word "state" as being at all important to the validity of the complaint.

The only remaining assignment of error relates to the sufficiency of the evidence to sustain the verdict. There is direct evidence to justify the jury in finding that the defendant rented the rooms in which the liquor was found, that he assisted in taking the liquor to the rooms, and directed one Fisher with reference to the sales and the prices to be charged, and that he received the proceeds of the sales in cash.

We find no reversible error in the record, and recommend that the judgment be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.