GEORGE RUSHART, APPELLEE, v. HOMER CRIPPEN ET AL., APPELLANTS.

FILED APRIL 15, 1916. No. 18870.

1. **Statutes**: AMENDMENT. The legislature, by amending an existing section covering the entire subject to which it relates, may incidentally change or modify other statutes without violating the constitutional limitations in regard to amendments. Laws 1907, ch. 81; Const., art. III, sec. 11.

2. ———: CONSTITUTIONALITY: LOCAL AND SPECIAL LAWS. In a suit to test the constitutionality of a legislative act, the presumption that an exception to general provisions is justified by facts within the knowledge of the lawmakers can only be overthrown by pleading and proof to the contrary, unless an unreasonable or arbitrary classification appears on the face of the act or is disclosed by facts of which the court may take judicial notice.

APPEAL from the district court for Sarpy county: JAMES P. ENGLISH, JUDGE. *Affirmed.*

*Smyth, Smith & Schall,* for appellants.

*W. P. Lynch, contra.*

ROSE, J.

This is a suit to enjoin the village board of Fort Crook from issuing a saloon license to R. D. Wansel. The law relating to intoxicating liquors formerly authorized the issuance of such a license on statutory terms, but the legislation was changed in 1907 by an amendment containing, among other things, the following provisos: "Provided, that no license shall be granted by the authorities of any

village for the sale of any liquor within two and one-half miles of any United States military post; provided, this act shall not apply to military posts maintained exclusively as signal-corps posts." Laws 1907, ch. 81.

The village was within two and one-half miles of the Fort Crook military post, which is not maintained exclusively as a signal-corps post. The trial court overruled a demurrer to the petition, and, the defendants refusing to plead further, an injunction was granted. Defendants have appealed.

Without questioning the remedy by injunction, defendants argue that the provisos quoted violate the following constitutional provision: "No law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed." Const., art. III, sec. 11.

According to the title, the sole purport of the act assailed is the amendment of section 25, ch. 50, Comp. St. 1905. The section cited was a part of the general statute on the subject of intoxicating liquors, and granted to cities and villages the power to license saloons and to regulate the sale of intoxicating liquors. It is insisted that the amendment goes beyond the statute to which it refers and amends that part of the village charter empowering the village board to license and regulate the sale of intoxicating liquors. Rev. St. 1913, sec. 5115. The amended section is general in its nature and covers the subject of legislation to which it relates. In amending such a provision the legislature may incidentally modify or change other statutes. The licensing power granted by the city charter to the village board is by the very terms of the grant subject to general laws. Rev. St. 1913, sec. 5115. Reasons for sustaining the amendment are stated in a former opinion. *Dinuzzo v. State,* 85 Neb. 351.

Defendants further contend that the amendatory act is class legislation, and that it violates that part of the constitution inhibiting the enactment of local and special

laws: "The legislature shall not pass local or special laws in any of the following cases, that is to say: * * * In all other cases where a general law can be made applicable, no special law shall be enacted." Const., art. III, sec. 15.

It is argued that there is no basis for the classification prohibiting saloons within two and one-half miles of a military post and allowing them within the same distance of military posts maintained exclusively for signal corps. It will be presumed that the lawmakers based their exception on conditions of which they had knowledge. An unreasonable or arbitrary classification does not appear on the face of the act. Defendants did not offer any proof. The pleadings do not allege facts indicating that the amendment is local or special within the meaning of the Constitution. Facts of which the court will take notice do not warrant such a conclusion. In a suit to test the constitutionality of a legislative act, the presumption that an exception to general provisions is justified by facts within the knowledge of the lawmakers can only be overthrown by pleading and proof to the contrary, unless an unreasonable or arbitrary classification appears on the face of the act or is disclosed by facts of which the court may take judicial notice.

A substantial reason for holding the amendment invalid has not been given.

                                        AFFIRMED.