### H. C. BONDURANT v. STATE.

No. A-2886.   Opinion Filed March 23, 1918.

(171 Pac. 488.)

**INTOXICATING LIQUORS**—Prosecution — Instruction — Reputation—
**Evidence.**   On a trial upon a charge that the defendant did have possession of intoxicating liquor with intent to violate provisions of the prohibitory liquor law, where evidence of the general reputation of the defendant's place of business was relied on to show the intent, it was error for the court to refuse to instruct the jury upon the law applicable to reputation evidence, and the purpose for which such evidence was admitted.

*Appeal from County Court, Grady County;*
*R. E. Davenport, Judge.*

H. C. Bondurant was convicted of a violation of the prohibition law, and he appeals.   Reversed.

*Holding & Herr,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty.   Gen., for the State.

DOYLE, P. J.   This is an appeal from a judgment of conviction upon an information charging that H. C. Bondurant did have in his possession intoxicating liquors, to wit, whisky, for the purpose of disposing of the same in violation of the prohibitory law of the state.   The verdict, omitting formal parts, was as follows:

"That the jury drawn, impaneled, and sworn in the above-entitled cause do upon our oaths find the defendant, H. C. Bondurant, guilty as charged in the information herein and assess his punishment at a fine of $50 and confinement in the county jail for 30 days.   We, the jury, recommend that the judge eliminate the jail sentence. (Signed by five jurors.)"

To the receiving of the verdict the record shows that the defendant excepts "for the reason that said verdict is insufficient in form and too indefinite and uncertain as to the penalty assessed." Overruled, and exception allowed.

The evidence shows that Bondurant, the defendant, conducted a lunch counter on Chickasha avenue between Fourth and Fifth streets, Chickasha; that Hodge Bailey, sheriff of Grady county, and two deputies, Rucker and Castleman, went to the defendant's place of business to execute a search warrant, and they found about one-half quart of whisky behind a cook stove in the back room, and found two small glasses there. These officers and witness Marshall, a policeman, each testified that the defendant's place of business was a place of public resort, and that they knew the general reputation of the defendant's place of business as to being a place where intoxicating liquors were sold, and that it had the reputation of being a place where intoxicating liquors were sold. C. C. Leonard testified that the defendant's place of business had the reputation of being a place where intoxicating liquors were sold.

The defendant, as a witness in his own behalf, testified that he had the whisky there for his own use; that he had been drinking some that day; that he did not sell intoxicating liquors; that he did not intend to sell any of the liquor in question.

The charge of the court contains six instructions, and merely submitted the general issue. Among others the defendant requested the court to give the following instruction:

"Evidence has been admitted in this case relative to the reputation of defendant's place of business. This evidence has been admitted for one purpose only, that is, for the purpose of showing the intent for which the defendant had the liquor in question, and before you can consider said evidence for any purpose, you must find the defendant's place is a public resort, and that such place was used for the sale of intoxicating liquors.

"Refused and exception allowed.

"R. E. DAVENPORT, *Judge.*"

We think that this instruction should have been given for the defendant, and in view of the fact that the evidence was merely technically sufficient to make a *prima facie* case the court committed error in refusing it. Evidence as to the reputation of the defendant's place of business was competent and admissible only for the purpose of showing the unlawful intent. As a general rule, where evidence is admitted only for the single specific purpose, the court, when requested, should in its charge to the jury limit the purpose for which such testimony was admitted.

For error of the court in refusing to instruct upon the law applicable to the evidence introduced, the judgment is reversed.

ARMSTRONG and MATSON, JJ., concur.