## No. 9397.

### BALFE *v.* THE PEOPLE.

1. INTOXICATING LIQUORS—*Affidavit of Personal Use.* The affiant will not be heard to defend a prosecution for violation of the statute, upon the ground that he acted for an undisclosed principal.

2. CRIMINAL LAW—*Information—Venue.* The information charged that the defendant "on to-wit—the County of Arapahoe," etc. The omission of any preposition as "at" or "within," before the name of the County was held not to impair the effect of the allegation as to venue.

3. —— *Formal Defects.* A formal defect in an information is not examined on motion in arrest (Rev. Stat. Sec. 1908).

4. —— *In Language of the Statute,* substantially, suffices.

5. —— *Under the Statute against Intoxicating Liquors,* need not charge that the accused knew the intoxicating property of the liquor.

6. ERROR—*Harmless Error.* The admission of incompetent or irrelevant evidence will not reverse, where upon the whole record the conviction was manifestly correct.

7. INSTRUCTIONS—*Certainly Required.* An instruction which a juror of ordinary intelligence cannot fail to understand requires no explanation.

*Error to Arapahoe District Court, Hon. J. C. Wiley, Judge.*

*Department One.*

Mr. C. A. IRWIN, Mr. FRANK E. HICKEY, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. CHARLES ROACH, Mr. RALPH E. C. KERWIN, Mr. BERTRAM B. BESHOAR, Assistant Attorneys General, for The People.

Opinion by Mr. Justice Teller.

THE plaintiff in error was convicted of violating the liquor law of 1915, and brings error.

The information was in three counts, the third being dismissed on the trial. The jury returned a verdict of guilty on the first and the second counts, and a jail sentence was imposed under each count, to run concurrently.

Under a motion in arrest of judgment the sufficiency of the information was for the first time questioned.

It is contended that the first count is bad because not charging the commission of an offense in the County of Arapahoe.

Omitting the formal parts, the court charges:
"that P. L. Balfe, Jr., on, to-wit, the fourth day of February, 1917, County of Arapahoe, State of Colorado, did unlawfully import into the State of Colorado intoxicating liquor, to wit: whiskey, for sale and gift; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

The objection is that the words "County of Arapahoe," without more, do not locate the place in which the offense is charged to have been committed. It is said that the preposition "at" or "within" is required to give meaning to the words used, and that the words, having been omitted, may not be supplied.

Several cases are cited in which the omission of a word in an information or indictment is held fatal, but they are quite different from this case.

The caption contains the words: "County of Arapahoe," and resort may be had to it to determine the venue. 12 Stand. Ency. of Proc. 436.

Moreover, this must be considered a merely formal objection, and it will not be considered on a motion in arrest. Sec. 1956, R. S. 1908. Under this same section, the objection, made after the trial, must be held bad because it does not go to "the real merits of the offense charged." No one could fail to understand from the information that it charged that an offense had been committed in Arapahoe County.

The further objection is made that the first count does not charge an offense with a sufficient degree of certainty. Section 1 of the Act of 1915, under which the prosecution was brought, provides that:

"No person, association or corporation shall import into this State any intoxicating liquors for sale or gift."

The information charges the offense substantially in the language of this statute, and is sufficient under our recent decision in cause No. 9046, *Highly v. People,* where like objection was made to an information under said act.

We see no force in the objection that it was not charged that the accused knew that the liquor was intoxicating. The only case cited in its support is from Maine, where the offense was defined as "knowingly" transporting, etc.

Error is assigned also on the admission of testimony concerning the reputation of a hotel or rooming house in Denver, as to unlawful dealings in liquor, said place being one at which defendant had resided, and which he had, according to one witness, named as his place of residence.

In *Bondurant v. State* (Okla.), 171 Pac. 488, it was held that such testimony was admissible, where one was charged with having possession of liquor with intent to violate the provisions of the prohibitory liquor law, for the purpose of showing the unlawful intent.

However, though the testimony were improperly admitted, it cannot be held to have been prejudicial error under the circumstances of this case. The evidence was abundantly sufficient without this testimony, to justify a finding that the liquor was imported for unlawful purposes.

Undisputed testimony, to which no objection was made, established the fact that defendant had received, within five weeks, consignments of liquor at two other places near Denver. This consignment consisted of sixty gallons of whiskey destined, according to defendant's statutory affidavit filed with the carrier, to 3204 Curtis Street, though witnesses testified that defendant had stated that it was to be taken to 3333 Curtis Street, the residence of his father.

The rule is that technical errors are not ground for a reversal where the judgment is manifestly correct upon a review of all the evidence. *D. C. Tramway Co. v. Wright,* 47 Colo. 379, 107 Pac. 1074; *Weckler v. People,* 53 Colo. 89, 124 Pac. 183.

It is also urged that the verdict on the second count is not sustained by the evidence, or the law. It is said that, to sustain the charge of "keeping" liquor, defendant must be shown to have had the liquor in the county for a considerable time. It is true that "keeping," as sometimes used, implies a continued possession, but, as used in this statute, it is, we think, synonomous with having in possession, being in control. In several cases, where statutes of this kind have been under consideration, it has been given such an interpretation. *State v. Harvey,* 58 N. H. 377; *Ford v. State,* 79 Neb. 309, 112 N. W. 606; *Priest v. State,* 5 Ala. App. 171, 59 So. 318. The evidence under this count sustains the verdict.

It is urged that the court erred in giving instruction number 2 without explaining the meaning of the words *"prima facie"* and "applicable sections," and also, in refusing to give a tendered instruction containing an explanation of both of said terms.

It was certainly not error to give the instruction, as it was given, with the statement that it was a part of a statute. It was not error to refuse to give the instruction offered, unless it is clear that it would mislead the jury if the terms were not explained. A juror of ordinary intelli-

gence could not fail to understand the instruction as given, and there was no error in refusing to give the explanatory portion.

The objections to the other instructions given are based upon a construction of the law which has been considered in passing upon the objections to the information, and which we have found not to be correct.

If one, found in possession of intoxicating liquors which may be imported only for personal use, and who is shown to have made affidavit that the same were for his own use, could afterwards make good a defense, on the ground that he was acting for an undisclosed principal, the purpose of the law would be defeated.

The instructions were full and complete, and we find no error in them.

Plaintiff in error raises a question as to the validity of an order, entered after the sentence in the case had been pronounced, turning over the liquor to hospitals, etc.; but, as no objection was made to the order, it is not subject to review.

The judgment is affirmed.

Judgment affirmed.

Chief Justice Garrigues and Mr. Justice Zurke concur.