STATE, EX REL. SCHOOL DISTRICT No. 2 OF PIERCE COUNTY, RELATOR, v. GEORGE W. MARSH, AUDITOR, RESPONDENT.

FILED JUNE 12, 1922.    No. 22814.

1. Schools and School Districts: BOND ELECTIONS: STATUTES: RE-PEAL BY IMPLICATION. Section 449, Rev. St. 1913, and section 448, Rev. St. 1913, as amended by chapter 9, Laws 1917, are *held* to have been repealed by implication by section 4, ch. 66, Laws 1921.

2. ———: ———: NOTICE. The provision of the statute (Rev. St. 1913, sec. 6801, as finally amended, Laws 1921, ch. 66, sec. 4), providing that notice of an election, held for the purpose of authorizing the issuance of school bonds, should be published within the district for at least 20 days, *held* to be directory, and not a mandatory provision where a failure to comply therewith would, in all cases, invalidate the election.

3. ———: ———: ———. Where it appears that the election, held for the purpose of authorizing the issuance of bonds to raise money for the construction and equipment of a school building, was generally attended by the voters in the district, and that considerably more than a majority of all the voters in the district voted in favor of the bonds, *held* that a posting of notices, though not in compliance with a statutory provision requiring publication, would not invalidate the election, it being manifest that, had all the electors in the district voted, the result of the election could not possibly have been changed.

Original proceeding in mandamus to compel respondent, as auditor, to register certain school district bonds. *Writ allowed.*

*Douglas Cones* and *M. H. Leamy,* for relator.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

FLANSBURG, J.

This is an original action in mandamus, brought by school district No. 2 of Pierce county, Nebraska, to compel the state auditor to register $135,000 of bonds, voted by the electors of the school district on January 26, 1922, for the purpose of erecting and equipping a schoolhouse within the district. The auditor refused to register the bonds on the ground that there had been no proper notice of the election.

School district No. 2 was organized in the year 1870, as a primary school district, with three trustees, and in 1885, under the provisions of section 1, subd. VI, ch. 79, Laws 1885, the district was reorganized and a government by six trustees adopted. The district is still operative as a district having six trustees, under the statutes as they have been amended from time to time since then.

It appears that there are 542 qualified voters in the district. A petition, signed by 307 electors, as provided by section 449, Rev. St. 1913, was presented to the district board, praying that an election should be held for the purpose of authorizing the issuance of the bonds now in question. An election was accordingly called and a written notice thereof, which it is not claimed was insufficient in form or substance, was posted 20 days prior to the election in three public places within the district. At the election 339 votes were cast, of which 304 were in favor of the bonds.

It is the contention of the state that the notice should have been published in a newspaper, and this contention is based upon the provisions of section 6801, Rev. St. 1913, as finally amended by section 4, ch. 66, Laws 1921. By the latter paragraph of that section, it is provided that an election may be called by a two-thirds vote of the *board of education,* and that a majority of the ballots cast at the election shall be sufficient to authorize the issuance of the

bonds. It is further provided that 20 days' notice of the election shall be *published* within the district.

The relator's answer to this contention is that the provision of section 6801, above referred to, does not apply to school districts organized, as district No. 2 is organized, with a government by six trustees, since the provision mentions only the power of a *board of education,* instead of the power of a *board of trustees,* and relator argues that the amendment of section 6801 by chapter 66, Laws 1921, was intended to apply to school districts organized under article XXII, ch. 71 (secs. 6948-6975) Rev. St. 1913, which applies to city school districts having *boards of education.* The provision in section 6801, as amended, however, we find is practically copied from section 6971, art. XXII, Rev. St. 1913. The legislature surely could not have intended to amend article XXII by adding to it a provision already contained therein. The term "board of education" in section 6801 was inadvertently used probably when copying from section 6971, which employs that phrase. It seems clear to us that the legislature, in amending section 6801, was attempting to provide regulations for the issuance of school bonds in school districts, organized under article III (secs. 6752-6762) and article VI (secs. 6798-6801) ch. 71, Rev. St. 1913, and that the provision is applicable to the relator school district No. 2. The provision of the statute (section 6801, as amended, *supra*) covers the same subject-matter and is directly in conflict with section 449, Rev. St. 1913, and section 448, Rev. St. 1913, as amended by chapter 9, Laws 1917. By those two sections of the statute it is provided that no election shall be called except upon a petition signed by one-third of the qualified voters in the district, and that a two-thirds vote of the electors shall be required in order to carry the proposition at the election. On the other hand, by section 6801, as amended, it is provided that an election may be ordered by a two-thirds vote of the members of the board of trustees, and that a majority of the ballots cast at the election shall be sufficient to authorize the issuance of the bonds.

Section 6801, as finally amended in 1921 (Laws 1921, ch. 66, sec. 4), is in direct conflict with the two previous sections of the statute mentioned. Both cannot stand. Section 449, Rev. St. 1913, and section 448, Rev. St. 1913, as amended, must, therefore, be held to have been repealed by necessary implication.

It is clear, then, that the notice of the election for the issuance of bonds in this case should have been published in the newspapers for 20 days prior to the election. This was not done. The notices were posted. The question, then, is whether or not the failure to give the statutory notice invalidates the election.

As pointed out, there are 542 qualified voters in the district, 304 of whom voted in favor of the bonds. A clear majority in the district voted in favor of the proposition, and, had the notice given been published, no other result at the election could have been obtained had every elector in the district cast a vote. It is not contended, nor is any showing made, that the electors in the district were not fully informed of the time, place and purpose of the election, nor that any one failed to vote by reason of not receiving information that the election was to be held.

As we construe the statute (section 6801, as amended), the provision for publication of notice is directory. We do not gather from the provisions of the act that it was the intention of the legislature that the election should be void, where the notice given was not published or was defective. Where the statutory provision for notice is directory, failure to give the notice in compliance with the statute will not necessarily invalidate the election. If it is apparent that the electors generally had actual notice of the time, place and object of the election and participated generally at the polls, and if the result of the election is supported by such a vote that it is manifest no other result could have been possible, even though every elector had voted, the election will not be held void on the ground that the notice given was not in accordance with the statute. *Ellis v. Karl*, 7 Neb. 381; *State v. School Dis-*

*trict* No. 13, 13 Neb. 466; *State v. McFarland*, 98 Neb. 854; *State v. Thayer*, 31 Neb. 82; *State v. Skirving*, 19 Neb. 497; *State v. Lansing*, 46 Neb. 514.

In our opinion, the election, authorizing the issuance of bonds in this case, being an election that was generally attended by the voters, and an election which was carried by considerably more than a majority of all the electors in the district, is not invalidated by a failure to give the notice of election in the exact manner prescribed by the statute.

The writ is therefore

ALLOWED.