CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLANTS, V. SCHOOL DISTRICT ET AL., APPELLEES.

FILED JUNE 27, 1923. No. 22446.

1. **Schools and School Districts:** TAXING POWER. The taxing power of a school district is statutory and must be exercised within the terms of the legislative grant.

2. **Statutes:** CONSTRUCTION. In construing a statute, effect must be given to all its provisions.

3. **Schools and School Districts:** TAXING POWER. In 1920 a school district organized with a board of six trustees under section 6798, Rev. St. 1913, did not have power at the regular annual school district meeting to impose for school purposes taxes in excess of a 35-mill levy, without the submitting of a proposition to do so after notice and the casting of the requisite vote in favor of the proposition. Laws 1919; ch. 145, sec. 1; Laws 1919, ch. 148, sec. 1.

4. **Taxation:** VOID TAX: INJUNCTION. The collection of void taxes may be prevented by injunction.

APPEAL from the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. *Reversed, with directions.*

*E. E. Whitted, J. Q. Dier* and *J. L. Rice,* for appellants.

*J. L. McPheely, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ.

ROSE, J.

This is an application for an injunction to prevent defendants from collecting school district taxes assessed on the property of plaintiffs in Axtell school district in excess of a 35-mill levy. The plea in equity is that the school district exceeded its powers by attempting to authorize a 61-mill levy at an annual school district meeting, while the statutory limit was a 35-mill levy, which could only be increased by the adoption of a proposition to do so at a general or special election held after legal notice stating the extent of the proposed increase—steps not taken. At a meeting May 3, 1920, the school board recommended a levy sufficient to raise $9,850. This recommendation was adopted at the regular

annual school district meeting June 14, 1920. To raise $9,850 the county board made a 61-mill levy on the taxable property in the school district. The burden falling upon plaintiffs amounted to $1,619.55. They paid $929.25 on the basis of a 35-mill levy. The difference between the two items, or the sum of $690.30, is sought to be enjoined. The application for an injunction was resisted by defendants on the following grounds: The powers of a school district may be exercised at the regular annual school district meeting which is held at a definite time fixed by statute. All electors are required to take notice of it. The vote at the regular school district meeting was sufficient. Upon a trial of the issues the district court dismissed the suit and plaintiffs have appealed.

The school district, as one containing more than 150 children between the ages of 5 and 21 years, had been organized with a board of 6 trustees. Rev. St. 1913, sec. 6798. Did it have power June 14, 1920, to authorize the assessment of taxes in excess of a 35-mill levy without any notice except that given by statute? The law then in force, after providing a method of raising the necessary school funds, contained the following provisos:

"Provided, the amount so levied shall not exceed, in any one year, thirty-five mills on the dollar of the assessed valuation in such school district. Provided, that a levy not exceeding 100 mills may be made after submitting the proposition of the increased levy at an election called for the purpose or at any regular election, notice whereof shall have been given for at least 20 days in one or more papers published in the district or county to the qualified voters of the district, and if 60 per cent. of the votes cast at such election shall be for the proposed increased levy, the board may make the levy in such amount as may be named in the election notice." Laws 1919, ch. 145, sec. 1; Laws 1919, ch. 148, sec. 1.

The taxing power of a school district is statutory. It must be exercised within the terms of the legislative grant. The statute declared:

"Said district may, at the annual meeting, vote such sums to be raised by tax upon the taxable property of said district, as may be required to maintain the several schools thereof, for the ensuing year." Laws 1919, ch. 145, sec. 1; Laws 1919, ch. 148, sec. 1.

The provisos are limitations on the power thus conferred. The first proviso confines the revenue to a 35-mill levy and the second proviso prescribes a method of increasing it to the limit of 100 mills. The statute clearly contemplates a school district election, either special or regular, after notice, if a 35-mill levy is to be exceeded. In no other way can effect be given to every part of both provisos. In the second proviso the clause introduced by the words, "notice whereof," relates to both special and regular school district elections. At either, after notice, a proposition submitting the question of an increased levy is required. The amount of the "proposed increased levy" must be stated in the notice. This is indicated by the concluding provision: "The board may make the levy in such amount as may be named in the election notice." Compliance with the terms of the provisos is not required at a regular annual meeting as a condition of authorizing a 35-mill levy. Relying on the school district to keep within the statutory limit at the annual meeting, in absence of notice that a proposition for an increase would be submitted, electors satisfied with any levy not exceeding 35 mills would be without a pecuniary motive to attend. With notice of an election calling for a vote on such a proposition, there might be an inducement to participate, including the right to publicly oppose the increase. Notice of an election would interest electors favoring an increase. It seems clear that, without disregarding some provision of the statute, the regular annual school district meeting held in 1920, in absence of notice of a proposition to increase the levy beyond 35 mills, was without power to do so. The school district, therefore, went beyond its powers. It follows that plaintiffs were entitled to an injunction to prevent

the collection of taxes based on the difference between a 35-mill levy and a 61-mill levy.

In *State v. Marsh,* 108 Neb. 749, though notice was not given according to statutory terms, the court said the election was not for that reason invalidated, but there was in fact an election and the notice actually given was sufficient to bring to the polls the requisite number of voters to carry the proposition submitted, if each absent elector had cast a ballot against it.

For the reasons given, the judgment is reversed and the cause remanded to the district court, with directions to allow an injunction conforming to the prayer of the petition.

REVERSED.