UNION PACIFIC RAILROAD COMPANY, APPELLANT, V. SCHOOL DISTRICT NUMBER NINE ET AL., APPELLEES.

FILED MAY 4, 1926. No. 24671.

Schools and School Districts: BONDS: NOTICE OF ELECTION: STATUTE. Statutes authorizing posted notices of an election to vote bonds in a rural school district having less than 150 pupils were not impliedly repealed by subsequent amendatory acts requiring newspaper notice of school bond elections in school districts having more than 150 pupils. *Dictum* to the contrary in *State v. Marsh*, 108 Neb. 749, disapproved.

APPEAL from the district court for Merrick county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*N. H. Loomis, Edson Rich, C. A. Magaw, T. W. Bockes, John C. Martin* and *D. F. Smith*, for appellant.

*Elmer E. Ross, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a suit in equity to enjoin School District Number Nine, Merrick county, and its officers from selling school bonds in the sum of $10,000, for the purpose of raising money for a school building at Chapman. The relief sought is based on pleas that there was no legal notice of the bond election and that the issuance of the bonds was not authorized by three-fifths of the qualified voters of the school district. The trial court sustained a demurrer to the petition and dismissed the action. Plaintiff appealed.

There is no dispute about the facts. The parties disagree on the statutes applicable to the voting and issuing of bonds

by a rural school district having less than 150 pupils, the class to which School District Number Nine, Merrick county, belongs.  The questions presented are involved in difficulties owing to ·the unintelligibility of some of the legislation on these educational subjects and of the biennial amendment and repeal of school laws without proper observation of the distinction between school districts of different classes.

Plaintiff assails the bonds because they were not voted and issued in compliance with statutes requiring notice of a bond election for at least 20 days in one or more newspapers, and because the affirmative vote was not cast by three-fifths of the qualified voters of the entire school district.  Comp. St. 1922, sec. 6342, as amended by Laws 1923, ch. 58, sec. 1.  If these provisions apply to a rural school district having less than 150 pupils, the bonds were not legally authorized and consequently defendants should be enjoined from selling them.  To the argument of plaintiff the defendants reply that the statutes cited, in so far as they relate to notice and to the necessary vote, apply to school districts having more than 150 pupils, but not to a rural school district with less than that number.  Defendants insist that the bonds were authorized under statutes providing for 20 days' notice "by posting up copies thereof in three public places within the district," and for a three-fifths' affirmative vote of the qualified electors present and voting.  Comp. St. 1922, secs. 365, 366, 367, 6270.  The school district complied with the provisions last cited, and if they are in force and are applicable to the bond issue under consideration plaintiff is not entitled to an injunction.  The rejoinder to the argument in favor of this defense is, however, that the statutes authorizing posted notices were impliedly repealed by subsequent amendments requiring newspaper notice.  In this connection reference is made to *State* v. *Marsh*, 108 Neb. 749.  In that case the opinion contains an expression recognizing such a repeal by implication, but the ruling is *dictum*, because it was there held that the bonds then in question were valid, regardless of any defect in the notice of the bond election.  A reexamination of the question ex-

tending to the history of the school laws, in view of recent amendments, leads to the conclusion that the *dictum* mentioned is not well founded. For the purposes of legislation and the government of school districts, the legislature long since enacted separate provisions applicable to school districts of different classes. The distinction has been generally observed in subsequent acts, though many provisions are common to districts generally. The posting of notices of a meeting or of an election in a rural district having less than 150 pupils, and existing under a democratic organization, with three school officers, was regarded by the legislature as sufficient, while newspaper publication was required in districts with more pupils. In the amendatory acts there is no direct repeal of the provisions for posting notices. With the distinction between school districts of different classes in mind, there is no repugnancy or inconsistency amounting to a repeal of the statutes containing provisions for posting notices. The different provisions are capable of enforcement. The *dictum* in the case cited by plaintiff is therefore disapproved.

In this view of the law, plaintiff is not entitled to an injunction.

AFFIRMED.