STATE, EX REL. HERBERT M. HIGGS, APPELLEE, V. PEARLE E. SUMMERS, APPELLANT.

FILED MARCH 12, 1929. NO. 26334.

*E. D. Crites, F. A. Crites* and *Lloyd H. Jordan,* for appellant.

*J. E. Porter, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and BEGLEY and RAPER, District Judges.

BEGLEY, District Judge.

Action in mandamus to compel the respondent, as county superintendent of public instruction of Sheridan county, to make an estimate of the amount necessary to be expended for school purposes in school district No. 116, and deliver same to the county clerk for the purpose of levying school taxes for the coming year, as provided by section 6289, Comp. St. 1922, the school board in said district having failed to perform its duty. The respondent answered, alleging that said school district was financially unable to maintain a legal term of school and had failed to maintain a public school for two consecutive years prior to May 16, 1927, and on said day, pursuant to the provisions of section 6261, Comp. St. 1922, respondent entered an order discontinuing said school district and annexing its territory to certain surrounding districts, and that said order could not be attacked collaterally. On the trial a writ of mandamus was allowed and, respondent has appealed.

The facts are stipulated and may be summarized as follows: School district No. 116 is a small rural district in Sheridan county, comprising six sections, with a valuation

of $27,496. The cost of maintaining a school in said district is $100 a month. The law permits a levy of eight mills for school purposes, and, by a vote of the electors, a maximum levy of twenty mills. For many years prior to the fall of 1925 school was maintained and the district became indebted more than $1,600. Since said time no school has been held. There are thirteen electors in the district and only the four children of relator attend school. At the annual school meeting in said district in June, 1925, it was voted not to have school for the ensuing year, and also that no money be provided for school purposes, but thirty-five mills was voted to be applied upon the district indebtedness. At this meeting Herbert M. Higgs, the relator, moved, and it was seconded by his wife, that tuition be allowed. Said motion was lost by a vote of two to six. No school was maintained the following year and relator sent his four children to school in district No. 43, but no tuition was paid said district. At the annual school meeting in district No. 116 in June, 1926, on motion of relator, it was voted that thirty-five mills be levied for the ensuing year, to be used to finish paying the debt and repair of school property. It was again voted to hold no school for the following year. No school was held in 1926-1927, and relator again sent his children to school in district No. 43. In September, 1926, the officers of school district No. 43 refused to accept relator's children for school purposes unless the tuition, amounting to $96 a year was paid for the past year and also paid in advance for the coming year. Thereupon three electors of school district No. 116, two of whom were officers of the district, voluntarily contributed the amount and it was paid by personal check to district No. 43. On May 16, 1927, a petition signed by seven electors of school district No. 116 was filed with the respondent, requesting her as county superintendent to annex the property of said district to adjoining school districts and to close up its affairs. Respondent thereupon entered an order finding that said school district had failed to maintain a school from public funds

for two consecutive years and that its assessed valuation was far below the necessary amount required to maintain a legal term of school, and ordered the same discontinued, and that its property be annexed to the adjoining districts. No annual meeting of the electors of school district No. 116 was held in June, 1927, and on July 28, 1927, relator brought this action.

The dispute in this case arises over the proper construction to be placed upon section 6261, Comp. St. 1922, which reads as follows:

"When for a continuous period of one year a district shall have less than two legal voters residing therein, the county superintendent may, in his discretion, annex the district to one or more adjoining districts upon petitions signed by a majority of the legal voters of such adjoining district or districts: Provided, if any school district shall, for two consecutive years, fail to maintain a public school, as required by law to do, it shall be the duty of the county superintendent of the county in which such district lies to attach the territory of such district to one or more adjoining school districts."

Relator contends that the proviso relates to and is limited by the preceding part of the section, and that respondent had jurisdiction to attach the territory of such district to an adjoining district only if a petition signed by a majority of the legal voters of the adjoining district had been presented to her. Respondent claims the proviso is an addition to the preceding part of the section, and the duty in such cases is mandatory upon the county superintendent and no such petition is necessary.

The original section down to the word "provided" was enacted in 1897. Laws 1897, ch. 62. There was at that time no provision made for dissolving school districts that had ceased to hold school, and in 1909 the legislature amended the act by adding all after the word "provided," apparently to remedy this defect. Laws 1909, ch. 117. In construing this section we must bear its obvious purpose in mind. As a general rule the office of a proviso is to modify the

operation of that part of the statute immediately preceding the proviso, or to except something from the operation of the statute which would otherwise have been within it, but it is often used in other senses, such as here, where we are dealing with an addition by way of amendment made under new circumstances to a form of words adopted many years before. It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing an amendment to them to precede their proposed amendment with the term "provided," so as to declare that notwithstanding existing provisions the one thus expressed is to prevail, thus having no greater signification than would be attached to the conjunction "and" or "but" in the same place, and simply serving to separate or distinguish the two different paragraphs or sentences. 25 R. C. L. 984, sec. 231. In the case of *Radil v. Morris & Co.*, 103 Neb. 84, it was held that the word "provided" used in a section of the workmen's compensation act should be construed as meaning "and" or "but." Such also is the holding of the federal courts: *Georgia R. & Banking Co. v. Smith*, 128 U. S. 174; *United States v. Babbit*, 1 Black (U. S.) 55; *Interstate Commerce Commission v. Baird*, 194 U. S. 25; *United States v. Whitridge*, 197 U. S. 135; *American Express Co. v. United States*, 212 U. S. 522; *Chesapeake & Potomac Telephone Co. v. Manning*, 186 U. S. 238.

Therefore, the word "provided" as used in section 6261 should be construed to have the same meaning as the conjunction "and" or "but," and, if so construed, it directs the county superintendent, when any school district has failed to maintain a public school for two consecutive years as required by law, to attach the territory of such district to one or more adjoining districts, without requiring a petition therefor. To hold that children residing in a school district without educational facilities would be required to wait until a majority of the electors in the adjoining districts agreed to permit them to attend their school would in many cases result in a denial of the free

education guaranteed them by law. District No. 116 is financially unable to furnish school facilities for a legal term of school. While relator's children have a greater distance to go to school, yet it is located on the only public highway through the district, and is the school which they have attended for the past two years. It is an admittedly good school and relator's taxes will be less than if he remained in district No. 116.

The relator contends that tuition was paid for his children during the past two years, and that this amounts to the maintaining of a school in this district. However, the tuition was not paid by the district, but by private individuals, and against the express direction of the electors at their annual meeting. Relator was present at all school meetings and was aware of the action taken thereat. He was not misled and the school district is not bound by the acts of volunteers.

The judgment is therefore reversed and the cause remanded, with directions to the trial court to enter an order denying the writ of mandamus and dismissing the plaintiff's petition.

REVERSED.

DAY, J., dissents.