STATE, EX REL. SOREN M. NELSON ET AL., RELATORS, V. FRANK MARSH, SECRETARY OF STATE, RESPONDENT.

FILED JUNE 22, 1932. No. 28335.

*Roy M. Harrop*, for relators.

*C. A. Sorensen, Attorney General*, for respondent.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and BEGLEY and BLACKLEDGE, District Judges.

DAY, J.

This is an application for a writ of mandamus, directing the secretary of state to place the names of the relators as candidates on the official ballot for the primary election. It was not filed in time to be heard prior to the primary election, and the relators have by leave of court amended their petition to ask that the names be placed upon the ballot at the general election to be held November 8, 1932. The secretary of state has demurred to the petition, which demurrer is now before us for determination.

The petitioners allege that they are qualified electors of the state and affiliate only with a political party known

as the Farmer-Labor party; that they have qualifications to hold the offices of governor, railway commissioner, or congressman for second district, to which they aspire; that they have filed petitions as. required by statute containing the names of 25 qualified electors affiliating with said party, asking that relators' names be placed on the ballot.

We will first consider the right of relators to have their names placed on the primary ballot. This is important only for future guidance, since that primary election is now long past. Were the relators entitled to have their names placed . on the ballot as candidates of the Farmer-Labor party? Section 32-1131, Comp. St. 1929, is:

"No person shall be entitled to or allowed to file a nomination certificate as provided for in this article, or to have his name placed upon a primary election ballot for any primary election to be held, unless the political party which he states in said affidavit he affiliates with, polled at the last election before the primary election to be held, at least five per cent. of the entire vote in the state, county or subdivision or district in which he seeks the nomination for office."

The statutes provide for the formation of a new party. Section 32-1135, Comp. St. 1929, provides: "In order to form a new political party there shall be present at a mass convention electors to the number of at least seven hundred fifty (750) in a state convention, one hundred fifty (150) in a congressional district or county convention," etc. Then the statute outlines the formal procedure. .The method provided by this statute is mandatory. *State v. Marsh,* 117 Neb. 579.

These statutes are not violative of section 22, art. I of the state Constitution:

"All elections shall be free; and there shall be no hindrance or impediment to the right of a qualified voter to exercise the elective franchise."

In *Baker v. Moorhead,* 103 Neb. 811, this court held that this section of the Constitution applies to elections

and not to the method of nomination. In *Morrissey v. Wait*, 92 Neb. 271, this court held that the legislature may regulate the nomination of candidates, provided that the regulations are reasonable and do not unnecessarily hamper or impede the right of electors to vote for whomsoever they please. To the same effect is *Orr v. Bailey*, 59 Neb. 128, in which this court stated that laws regulating the manner in which franchise right shall be exercised are constitutional so long as they leave election free and open to all electors.

The petition, neither alleging that the Farmer-Labor party was an established party in this state nor that it was a newly-formed party, failed to state a cause of action. In fact, in the oral argument upon the demurrer, the relators admitted that the Farmer-Labor party neither polled the requisite vote at the last election, nor complied with the law as to the formation of a new party. It was not claimed and the court will take judicial notice that the alleged Farmer-Labor party has never had its candidates on any primary or general election ballot in Nebraska, and is not known or recognized as an existing political party in this state.

Obviously, if relators were not entitled to file as candidates in the primary election, they are not entitled to have their names appear on the ballot as candidates of the Farmer-Labor party at the general election. Since there has not been a compliance with the statutes, the relators are not entitled to have their names placed on either the primary or the general election ballots as candidates of the so-called Farmer-Labor party.

This does not mean, however, that the people of the state are deprived of an opportunity to vote for Nelson for congress from the second district, Kramer for state railway commissioner, and Poundstone for governor. These men can cause their names to be placed upon the general election ballot as candidates by petition. Section 32-1108, Comp. St. 1929, sets out the method. Only 1,000 signatures are necessary. If they are unable to secure

such a petition the voters of the state have an unimpeded right to vote for them. Section 32-508, Comp. St. 1929, reads as follows:

"In each division, and beneath all candidates placed there by nomination or petition, a blank space shall be provided, into which electors may write the name of any person for whom they wish to vote and whose name is not printed upon the ballot."

The demurrer should be and is sustained and the cause dismissed.

DEMURRER SUSTAINED, AND CAUSE DISMISSED.