STATE, EX REL. CHARLES H. DRISCOLL, RELATOR, V. HARRY
R. SWANSON, SECRETARY OF STATE, RESPONDENT.

FILED OCTOBER 19, 1934. No. 29401.

*McCracken, Lawrence & Thomas* and *G. E. Price,* for
relator.

*Paul F. Good, Attorney General,* and *Daniel Stubbs,*
*contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and
PAINE, JJ., and BROADY and REDICK, District Judges.

EBERLY, J.

This is a mandamus action brought to compel the sec-
retary of state to accept and file a petition for the pur-
pose of placing the name of relator on the official ballot
at the general election as a candidate for the office of
auditor of public accounts of the state "by petition," and
to certify relator's name to the several county clerks as
such candidate. The action was commenced in this court.
The pleadings in effect admit the controlling facts, and
the case is presented at the bar of this court upon motion
of respondent for judgment thereon.

It is conceded that on July 5, 1934, a petition was filed,
in writing, in the office of the secretary of state to have
the name of Charles H. Driscoll, the relator in this action,
printed on the official ballot as a candidate for nomina-
tion by the democratic party for the office of secretary
of state at the primary election to be held August 14,

1934; that said Driscoll filed his acceptance of said application petition in the office of the secretary of state on July 16, 1934, duly verified under oath, stating, in substance, that he affiliates with the democratic party, and that party only; that he will abide by the results of said primary, and, if elected, will qualify and serve as such officer. In compliance with law, and the application so made and relator's acceptance thereof, relator's name was thereupon properly certified to the several county clerks as a candidate for the nomination above referred to, and his name was printed on the official ballot as such candidate at such primary election, which was the primary election at which candidates were nominated for the general election to be held November 6, 1934; that relator was defeated at such primary election.

It is also agreed that on September 19, 1934, there was presented and filed in the office of the respondent a nominating petition in due form, properly executed by 1,092 duly qualified electors of the state of Nebraska, praying that the name of Charles H. Driscoll, the relator, be placed upon the official ballot provided for use at the general election to be held on November 6, 1934, as a candidate for the office of auditor of public accounts "by petition;" and that on September 21, 1934, Charles H. Driscoll tendered to the secretary of state his acceptance of such nominating petition, in due form and by him properly executed; that the secretary of state then refused to accept the petition and acceptance, and refused to certify relator as a candidate "by petition," for the sole reason that Driscoll had been defeated as a candidate for the nomination for secretary of state on the democratic ticket at the primary election held on August 14, 1934.

Thus, the case turns on the question of whether this refusal was justified.

Driscoll voluntarily participated in the primary as a candidate for secretary of state. It is also to be noted that, had he received in this primary the greatest number

of democratic votes for the office of auditor of public accounts, and amounting to more than 5 per cent. of the entire vote cast for the democratic party, by having his name written upon the ballot, he would have been the candidate of that party for that office. Comp. St. 1929, sec. 32-1162. But, it appears conceded that he was a defeated candidate at this primary.

In this condition of the record, the words of his statutory oath, that he "will abide by the results of said primary," are not without force and effect. "To abide" means "to observe and obey, to accept the consequences of." This suggests that as the "primary" act was originally enacted in 1907 (Laws 1907, ch. 52) would not its due enforcement have made relator's oath binding upon him and prevented his becoming a candidate by petition? *Putnam v. Pyle,* 57 S. Dak. 250.

However, the act of 1907 was subsequently amended by attaching thereto a proviso (now appearing as section 32-1108, Comp. St. 1929) in the following terms, viz.: "Provided, no person who has been a candidate for an office at a primary shall be a candidate by petition or certificate of nomination for the office for which he was defeated, at the next general election." Relator insists that this provision is exclusive and renders him ineligible as a candidate for the office of secretary of state, but does not inhibit his candidacy "by petition" for the office of state auditor.

In addition to the provisions of section 32-1124, Comp. St. 1929, respondent relies upon section 32-1125, Comp. St. 1929, which, in part, expressly provides: "No candidate defeated at the primary election shall be permitted to file by petition in the general election next following."

The following authorities on the proper construction of statutes are deemed applicable, viz.: "Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning; a mere reading will suffice." *State v. Heupel,* 114 Neb. 797. See, also,

*State v. Marsh,* 108 Neb. 267; *State v. School District,* 99 Neb. 338; *State v. Insurance Co. of North America,* 71 Neb. 320.

The court will not read into a statute restrictions or exceptions not made by the legislature. *State v. School District,* 99 Neb. 338; *State v. Marsh,* 108 Neb. 267.

"In construing a statute, an imperative rule is that effect, if possible, must be given to every clause and part of the statute." *State v. Fink,* 74 Neb. 641. See, also, *Chicago, B. & Q. R. Co. v. School District,* 110 Neb. 459; *Ford v. State,* 79 Neb. 309; *Barker v. Wheeler,* 71 Neb. 740; *State v. Omaha Elevator Co.,* 75 Neb. 637.

Statutes upon the same subject are to be harmonized, if possible, by a fair and liberal construction which will give effect to both. *Dinuzzo v. State,* 85 Neb. 351; *Rushart v. Crippen,* 99 Neb. 682; *Chicago, R. I. & P. R. Co. v. Zernecke,* 59 Neb. 689; *Jackson v. Washington County,* 34 Neb. 680; *Dawson County v. Clark,* 58 Neb. 756.

A statute will not be placed in antagonism with another unless they are so repugnant and inconsistent that one cannot stand unless the other falls. *Dinuzzo v. State,* 85 Neb. 351; *Rushart v. Crippen,* 99 Neb. 682.

Conflicts between statutes will never be considered to exist unless such was the manifest purpose and object of the legislature forced on the court by unambiguous language. 59 C. J. 999; *Kountze v. City of Omaha,* 63 Neb. 52; *Chicago, R. I. & P. R. Co. v. Zernecke,* 59 Neb. 689; *Jackson v. Washington County,* 34 Neb. 680.

Examined in the light of the authorities cited, we find there is no real conflict between the proviso quoted from section 32-1108, Comp. St. 1929, and the proviso quoted from section 32-1125, Comp. St. 1929. Both may be harmonized by construing the latter as supplementary and cumulative to section 32-1108, and as extending and not restricting the prohibition of this section. This construction we adopt and approve.

Relator's candidacy is for an office created by the Constitution of this state, which is to be filled as provided by

the statutes of the state at a "free" election. It follows that this case falls fairly within, and is controlled by, the statutory inhibition, viz.: "No candidate defeated at the primary election shall be permitted to file by petition in the general election next following." Comp. St. 1929, sec. 32-1125.

The contention that the statutory provision under consideration unreasonably and unnecessarily hampers and restricts the constitutional right of electors to exercise the elective franchise, and is therefore void, as amounting to a "hindrance or impediment" to a "free" election (Const. art. I, sec. 22), has been carefully examined. It is not accepted. It is deemed that on principle relator's argument is fairly answered by *State v. Marsh,* 123 Neb. 423.

It follows that the refusal of the secretary of state to accept the nominating petition and relator's acceptance thereof is fully justified by the terms of the controlling statutes when properly construed. The writ is therefore denied.

WRIT DENIED.