RUTH REES McQUISTON, APPELLANT, V. W. H. GRIFFITH, COUNTY CLERK, APPELLEE.

FILED JANUARY 25, 1935. No. 29458.

*Hastings & Hastings,* for appellant.

*William H. Wright, Attorney General, Daniel Stubbs* and *Bruce K. Lyon, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

GOOD, J.

Plaintiff, county superintendent of Perkins county, brought this action to enjoin the county clerk of that county from issuing a certificate of election to one S. B. Hanley, the successful candidate for the office of county superintendent at the election held November 6, 1934.

The basis of the action is the claim of plaintiff that, under the statute creating the office of county superintendent, the election for that office, held November 6, 1934, was invalid and that the proper time for holding the election of a county superintendent was in the year 1932 and every four years thereafter.

The answer admits the facts pleaded in the petition, but further pleads that section 79-1501, Comp. St. 1929, was

enacted in 1881, and in 1923 was amended so that the pertinent part of said section reads as follows: "There shall be a county superintendent in each organized county whose term of service shall be four years and who shall be elected at the same time and in the same manner as other county officers on the nonpolitical ballot" (Laws 1923, ch. 49) ; that at all times since the law was amended it has been interpreted by the officers, charged with conducting elections, as requiring county superintendents to be elected on a nonpolitical ballot, and that said section was not intended to fix or change the time for holding elections of county.superintendents; that at all times since said section was amended in 1923, it has been construed by the proper officials of all the counties in the state to require an election to be held in 1926 and every four years thereafter; that such construction is the proper one, and that the said Hanley was duly and legally elected to the office of county superintendent at the general election in 1934. The court, upon motion, rendered judgment upon the pleadings for the defendant. Plaintiff has appealed.

The determination of the questions presented by this appeal hinges on a proper construction of legislative provisions relating to the election and term of office of the county superintendent.

It is a cardinal rule of statutory construction that courts will endeavor to ascertain the intent of the legislature and give effect thereto. *State v. Omaha & C. B. Street R. Co.*, 96 Neb. 725; *State v. School District*, 99 Neb. 338; *King of Trails Bridge Co. v. Plattsmouth Auto & Wagon Bridge Co.*, 114 Neb. 734. Another rule well established is that "All statutes *in pari materia* must be taken together and construed as if they were one enactment, and, if possible, effect given to every provision." *Chicago, R. I. & P. R. Co. v. Zernecke*, 59 Neb. 689. See *Dawson County v. Clark*, 58 Neb. 756; *State v. Swanson*, 127 Neb. 715.

In 1879 the legislature enacted a law, fixing the time of election and term of office of county superintendents.

This act has been amended a number of times and now appears as section 32-209, Comp. St. 1929. That section, as amended, in so far as it relates to the office of county superintendent, provides: "In each county there shall be elected * * * in the year 1926 and every fourth year thereafter * * * one county superintendent of public instruction, for the term of four years."

In 1881 the legislature enacted chapter 78, Laws 1881, appearing at page 331. This was a comprehensive act to establish a system of public instruction in the state. Section 1, subd. VII, ch. 78, Laws 1881, reads: "There shall be a county superintendent in each organized county, whose term of service shall be two years, and who shall be elected at the same time and in the same manner as other county officers." This statute remained unchanged until 1923, when it was amended to make the term of the county superintendent four years, and there were added the words, "on the nonpolitical ballot." Laws 1923, ch. 49. This statute now appears as section 79-1501, Comp. St. 1929. The title to the amendatory act reads: "An act to amend section 6463, Compiled Statutes of Nebraska for 1922, relating to schools, providing that county superintendents shall be elected by the electors for a term of four years and to repeal said original section."

In 1913 the legislature enacted a law providing for the election of judges of the supreme and district courts and county judges on the nonpartisan ballot. In 1917 this statute was amended so as to provide for the election of state superintendent of public instruction, county superintendents and regents of the state university on the nonpartisan ballot. Laws 1917, ch. 37. That act, as amended, now appears as section 32-1201, Comp. St. 1929.

It appears that prior to the enactment of chapter 49, Laws 1923, there was an apparent conflict between section 79-1501, Comp. St. 1929, as it then existed, and section 32-1201, Comp. St. 1929, the one provision requiring the election of county superintendents in the same manner as other county officers on the political ballot, while section

32-1201 provided for election on the nonpolitical, or non-partisan, ballot. Evidently, the purpose of the legislature, in enacting chapter 49, Laws 1923, was to harmonize these provisions by adding the words, "on the nonpolitical ballot," and it was certainly not the purpose of the legislature to change the time of election of county superintendents.

It will be observed that since 1923, in each of the 93 counties of the state, a county superintendent has been elected in the years 1926, 1930, and 1934, and this with the full knowledge of the legislature, which has several times been in session. It thus appears that there has been a construction given to chapter 49, Laws 1923, now appearing as section 79-1501, Comp. St. 1929, as not changing or affecting the time when a county superintendent should be elected, by the administrative officers of the state and acquiesced in by the legislature, since it has not seen fit to qualify the subject or amend the law, notwithstanding it had full knowledge of the construction that has been placed upon the statute by administrative officials.

It is a rule that where a statute has long been construed by those charged with its execution, and where the legislature has been in session several times, and having knowledge that such construction has been placed upon the statute, it amounts to a legislative construction thereof, and such construction will not be disregarded by the courts, unless it is clear that such construction is erroneous. It is only by implication and by reference to another section that chapter 49, Laws 1923, now section 79-1501, Comp. St. 1929, could possibly be construed to fix the time when county superintendents should be elected. Moreover, it appears that the words used in said section, "shall be elected at the same time and in the same manner as other county officers," could not have been intended to refer to the county judge, because that was the only county officer elected on the nonpolitical ballot. Evidently, the reference was to county officers generally.

We are constrained to hold that the legislative intent

was simply an attempt to harmonize the provisions of section 79-1501 and section 32-1201, Comp. St. 1929, and that the proper time for the election of county superintendents was in the year 1934.

The judgment of the district court is right and is

AFFIRMED.