CHARLES P. MEGAN, TRUSTEE, APPELLANT, V. BOYD COUNTY, APPELLEE.

276 N. W. 160

FILED NOVEMBER 19. 1937. No. 30085.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellant.

*W. L. Brennan, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

Charles P. Megan, the trustee of the Chicago & Northwestern Railway Company, seeks to recover taxes which he claims were unlawfully imposed upon him by Boyd county in excess of statutory authority. The taxes were paid, the excess under protest, and a refund was demanded and refused. A demurrer was filed to the answer of the county, which was overruled by the trial court, and, on the plaintiff's refusal to plead further, the action was dismissed. This in effect denied recovery. This case requires a construction of the statute authorizing the levy of taxes by counties.

Prior to the legislative session of 1935 counties levied and collected taxes by virtue of the authority given them by section 77-1801, Comp. St. 1929. In that session section 77-1801 was amended by section 1, ch. 138, Laws 1935. Section 77-1801, Comp. St. 1929, as amended, was later amended at the same session by section 1, ch. 52, Laws 1935. The latest amendatory section contained a proper

repealing clause. This amended law now appears as section 77-1801, Comp. St. Supp. 1935. This section formerly, and as amended, contained a provision that, "in counties having a population of over thirty-five hundred, the rate of tax for county purposes shall not exceed thirty-five cents per hundred dollars actual valuation, as determined by the assessment rolls; and in counties having a population of thirty-five hundred or less, the rate of tax for county purposes shall not exceed fifty cents per hundred dollars actual valuation, as determined by the assessment rolls." This was contained in the ultimate amendment which also included the proviso as follows: "Provided, in counties having a population of nine thousand or less, such tax shall not exceed four mills on the dollar valuation."

Boyd county, according to the allegations of the answer, has a total population of 7,100. The county authorities levied for 1935 tax purposes, excluding all special funds, 3.95 mills for all other county purposes exclusive of special levies. The appellant insists that the foregoing statute quoted limits this amount to 3.5 mills, and that the levy was excessive by .45 mills. The county, of course, contends that the foregoing statute as set out authorizes the county to levy not to exceed 4 mills for county purposes other than those specifically mentioned, because they come within the provision as to counties under 9,000 population.

Thus the issue is presented to this court. The proviso added to the law in the last days of the session of 1935 is in conflict with the proviso already in the act. If the original proviso obtains, there is a conflict of the provisions in counties over 3,500 and under 9,000 population. Both provisos as to such counties cannot be given full force and effect. It is impossible to say that the legislature fixed two limited rates of taxation applicable to such counties, each of which is different, and each of which is the maximum which such a county can levy. There are cited several cases, and a text relating to provisos of statutes and the part such proviso modifies. This court is familiar with the rule that a proviso ordinarily modifies

the operation of that part of a statute immediately preceding the proviso, "but it is not always so used." *State v. Summers,* 118 Neb. 189, 223 N. W. 957; *Ford v. Boyd County,* 111 Neb. 834, 197 N. W. 953.

But the purpose of a proviso in a statute is to take special cases out of a general class. In this case our proviso had for its purpose to place a special classification (according to population) of counties beyond the effect of the enacted law. It retained the effect of the statute, and limited the language thereof. The basic rule of statutory construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. *Hubbell Bank v. Bryan,* 124 Neb. 51, 245 N. W. 20; *Peterson v. School District,* 124 Neb. 352, 246 N. W. 723. In *McQuiston v. Griffith,* 128 Neb. 260, 258 N. W. 553, this court substantially said that in construing statutes the court will endeavor to ascertain, and will give effect, if possible, to the legislative intent.

This court has spoken definitely to the effect that: "Ordinarily an exception in a statute will be held to apply to the clause or sentence immediately preceding it, but this rule is not unbending, and if a consideration of all statutes bearing upon the subject indicates a different legislative intent, this will prevail over a construction based upon the rules of syntax." *State v. Searle,* 86 Neb. 259, 125 N. W. 590.

The legislative history of the amendment to section 77-1801, at the last of the session of 1935, is an aid to ascertaining the legislative intent prompting the enactment of the proviso. The legislature intended, and they demonstrated that intention by adding the proviso, counties having a population of 9,000 or less to be limited to levy four mills for ordinary county purposes. Comp. St. Supp. 1935, sec. 77-1801.

A well-known text, 2 Lewis' Sutherland, Statutory Construction (2d ed.) sec. 369, states: "The presumption is that the lawmaker has a definite purpose in every enactment, and has adapted and formulated the subsidiary pro-

visions in harmony with that purpose; that these are needful to accomplish it; and that, if they have the intended effect, they will, at least, conduce to effectuate it."

When the legislature, as an afterthought in the closing days of the 1935 session, added as their latest expression, this proviso, it was clearly with the intention of permitting certain counties with a population of 9,000 or less to levy four mills per dollar of valuation. Boyd county comes within the purview of the act, and the judgment of the district court is right.

AFFIRMED.