[No. 6,797.  Department Two.—December 17, 1884.]

JOHN T. WILSON, RESPONDENT, v. S. C. HASTINGS ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS—PETITION FOR SALE OF REAL ESTATE—REFERENCE TO INVENTORY—DESCRIPTION.—Under section 155 of the act to regulate the settlement of the estates of deceased persons, in force in 1855–57, a petition for the sale of real estate to pay debts and expenses may refer to the inventory for a description of the real estate and the condition and value thereof, and both may be considered together. But where the petition contains no description of the real estate, or its condition or value, and the reference to the inventory is for greater certainty, it is insufficient to incorporate the inventory with the petition.

ID.—A description of portions of the real estate as "the undivided one half part of one league on Clear Lake," and "the undivided one half part of a farm and vineyard at Sonoma, containing 833 acres, more or less," is insufficient.

ID.—JURISDICTION.—Unless the petition, or inventory, if referred to, substantially complies with the requirements of the statute, the court acquires no jurisdiction to order a sale; and an insufficient description as to one of several parcels of land, referred to in the petition or inventory, will deprive the court of its jurisdiction, although the remaining parcels are sufficiently described.

ID.—GUARDIAN AND WARD—POWERS OF FOREIGN GUARDIAN—JURISDICTION.—The consent of a guardian appointed in and resident of another state, to a probate sale of real estate belonging to his wards, situated in this state, confers no jurisdiction on the court to make the order of sale.

APPEAL from a judgment of the late Third District Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Ryland B. Wallace*, for Appellants.

*G. F. & W. H. Sharp*, for Respondent.

MYRICK, J.—Ejectment to recover possession of an undivided one-tenth part of a tract of land in the city and county of San Francisco, being part of the "Market Street Gore," situated at the junction of Market and Sacramento streets.

Plaintiff's chain of title depends upon the validity of a probate sale had in 1855–57. The will of the testator, James D. Galbrath (then a tenant in common in the premises), was admitted to probate, and letters testamentary were ordered to issue.

The executor filed a petition for the sale of real estate to pay debts and expenses. The petition contained no description of real estate, or statement of value, except that the total value of all the property was stated at $13,842.50 ; the petition, however, referred to the inventory in the following language : "Which said inventory and appraisement is now on file in the office of the clerk of this court, and your petitioner begs leave to refer to the same for greater certainty." It has been held, in *Stuart* v. *Allen*, 16 Cal. 473, and other cases following that case, that the petition may refer to the inventory, and both may be considered together. In the case of *Stuart* v. *Allen*, the reference in the petition to the inventory was, in terms, for a description of the real estate, and the condition and value thereof, and for those purposes the inventory was made a part of the petition.

Section 155 of the act to regulate the settlement of the estates of deceased persons (Wood's Digest, p. 406), in force when these proceedings were had, required that the petition contain " a description of all the real estate of which the testator or intestate died seized, and the condition and value of the respective portions and lots," etc. Taking the petition and inventory together, for the purpose of ascertaining if the statute was complied with, we find that the inventory, under the head of "real estate," contained the following :

" The undivided one-half part of the fifty vara, known on the official map of the city of San Francisco as number seven hundred and eighty-six.............. .... .. $500

"' The undivided one-third part of a tract of land situate at the junction of Market and Sacramento streets, commonly called the ' Gore '..................... 500

" The undivided one-half part of ——, situate at the southeast corner Jackson and Front streets, the title to which is in dispute.......... .. ................ Nothing

### NAPA COUNTY.

" The undivided one-half part of one league of land on Clear Lake....... ..................... ........... 500

### SONOMA AND MARIN COUNTIES.

" The undivided one-half part of a farm and vineyard at Sonoma, containing 833 acres, more or less. .......6,000

" The undivided one-sixth part of ranch in Sonoma and Marin counties, ' Balzas de Tomales,' containing six leagues, more or less... .................... ........3,500 "

Of the foregoing, the first, second and sixth are doubtless sufficient; the third may be, but it is doubtful; the fourth and fifth are no descriptions; there are many leagues of land on Clear Lake—which one was meant? There may have been many farms and vineyards at Sonoma, containing 833 acres, more or less—which one was intended to be designated? An object of the statute requiring the petition [or inventory, if referred to], to give a description of the real estate was, that the real estate of the deceased might be presented to the judge for his consideration in determining as to the necessity for a sale. If there be no description presented, he cannot determine, for there is nothing for him to act upon. The land in controversy in this action is the second described parcel; but the fact that one parcel is well described does not cure defects as to others; for the statute required that *all* the real estate of the deceased should be described. Of course, we are not referring to an entire omission from the inventory and petition of some parcel of real estate to which the deceased had title; we are referring to a case

where the executors had inventoried parcels, and referred to the inventory.

In the case before us, the reference to the petition in the inventory was, in the language of the petition, "for greater certainty," without stating for what the reference was made—whether for description, or value, or condition. We think this reference was insufficient to incorporate the inventory as a part of the petition as to description, or value, or condition. As above stated, in *Stuart* v. *Allen*, the reference was, in terms, for description, and for condition and value; therefore, that case is not authority in this case.

The wisdom of the legislature in making the requirements contained in section 155, *supra*, is apparent from the facts of this case; for it appears that the outstanding debts and charges were $4,733.41, and personal property undisposed of, of the value of $2,400, leaving $2,333.41 to be provided for; and to pay this sum, real property in six parcels, of the aggregate value of $11,000, was asked and ordered to be sold, when it appeared on the face of the papers that a sale of either one or two of the parcels, at the stated value, would have been more than sufficient.

It has been repeatedly held by this court, that the petition must be substantially as required by the statute, in order to give the court jurisdiction to order a sale; and in the light of these decisions, and according to our own view of the intent of the legislature, we are of opinion that the petition in this case was insufficient to give the probate court jurisdiction to order a sale of the property.

In regard to the statement of the defendant Hastings, while being examined as a witness, regarding the claim of title of plaintiff, we think it too indefinite to be the basis of a judgment as to title; in no sense can it be considered as an estoppel.

The paper admitted in evidence, by which Samuel Woods, as guardian of the minor devisees, appointed and resident in Mississippi, assumed to consent to the probate sale on behalf of his wife and the minor children, devisees, was of no value in this case, at least, so far as the minors were concerned. If he was their guardian, he was such in Mississippi, his and their place of residence—not here; and such guardianship would give him

no authority to bind their real estate here. Such consent was insufficient to give the court jurisdiction to make the order of sale.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.

66   247
87   468

66   247
101  593

66   247
110  290
110  487

66   247
130  287