[Civ. No. 11597.   Second Appellate District, Division Two.—October 7, 1937.]

In the Matter of the Estate of JOHN W. RUSSELL, Deceased. LOUISE V. RUSSELL, Appellant, v. DOROTHY E. RUSSELL et al., Respondents.

Willis O. Tyler and James H. Sims for Appellant.

Burdette J. Daniels, *in pro. per.*, and Julius V. Petrosso for Respondents.

CRAIL, P. J.—This is an appeal by Louise V. Russell from an order settling her account as administratrix of the estate of John W. Russell, deceased, whereby she was charged, among other items, with the sum of $5,249.11, representing a bank deposit standing in the name of the decedent at the time of his death and large portions of which she admittedly converted to her own use.

John W. Russell died intestate on July 3, 1934, and on August 8, 1934, appellant was appointed as administratrix of his estate and continued to act as such until April 18, 1935, when her resignation was accepted and J. A. Somerville was appointed to succeed her. Mr. Somerville continued to act as administrator until October 21, 1936, when by order of court he was removed and his letters of administration revoked. On November 10, 1936, respondent Burdette J. Daniels was appointed as administrator of the estate and at all times since has continued to be and now is the administrator thereof. Prior to his death and on April 27, 1934, John W. Russell was adjudged incompetent, and the appellant was appointed as guardian of his estate.

At that time and at all times thereafter until July 2, 1934, the day preceding the death of the incompetent, there was on deposit in the Bank of America in the name of the incompetent the sum of $5,249.11. On July 2, 1934, the appellant withdrew this sum and deposited the same with the Farmers and Merchants National Bank in an account in the name of "Estate of John W. Russell, incompetent, Louise V. Russell, guardian". The whole of said sum was on deposit in said bank at the death of John W. Russell on the following day. On November 18, 1935, the appellant, as administratrix, and J. A. Somerville, as administrator, executed under oath and filed with the court their joint inventory of the property and assets of the estate of said decedent, wherein it is set forth that the estate of the decedent consisted of cash in the sum of $5,528.67, of which sum $5,249.11 represented the sum on deposit with the Farmers and Merchants National Bank at the date of the death of decedent. This is the only inventory

ever filed in the estate proceedings. On the 5th day of December, 1935, J. A. Somerville, as administrator of the estate, filed his first and final account and petition for distribution, which purported to be a report of the administration of the estate by himself and his predecessor, the appellant, wherein he charged himself with the sum of $5,528.67 in cash, being the same sum set forth in the inventory, and after deducting certain credits to which he claimed to be entitled, alleged he had a balance on hand for distribution of $3,793.62. Upon the same day appellant, as guardian of the estate of John W. Russell, incompetent, filed with the court her first and final account and report as such guardian, wherein she charged herself as such with various sums of cash aggregating $772.26, but not the said sum of $5,249.11 which, as before stated, was included in the joint inventory of J. A. Somerville and appellant in this proceeding. Up to this time and until ordered so to do by the court as hereinafter stated, the appellant had filed no separate account of her administration of the estate.

The account of the appellant as guardian and of J. A. Somerville as administrator came on for hearing the same day, January 15, 1936, at which time the account of the appellant as guardian was settled by the court, the appellant as such guardian being charged with a balance of cash in the sum of $479.56, and upon motion of J. A. Somerville and his counsel the first and final account of said J. A. Somerville as administrator was ordered off calendar.

Thereafter pursuant to an order of the court directing appellant to file an account as administratrix, the appellant filed what she denominated an ''Amended First and Final Account and Report and Petition for Discharge'', wherein she alleged that as guardian she had withdrawn the sum of $5,249.11, above mentioned, from the Bank of America where it was on deposit in the name of J. W. Russell and redeposited the same to the credit of the incompetent in the Farmers and Merchants National Bank; that after the death of J. W. Russell the appellant, assuming ''that the moneys on deposit belonged to his estate'', she made application for letters of

administration. It was further alleged that thereafter during the pendency of the administration proceedings an action had been instituted by Dorothy E. Russell against appellant and J. A. Somerville as administrator, wherein the said Russell claimed ownership of the said fund, in which action judgment was rendered in favor of said Russell and against the defendants, adjudging said Russell to be the owner of said fund.

Upon the hearing of her amended account it appeared from the testimony of the appellant, and it is undisputed, that aside from said credits claimed by her and set forth therein, the appellant had converted the sum of money in question to her own use, and had never delivered any portion of it to Dorothy E. Russell in satisfaction of the judgment obtained by her as above set forth or to either of the administrators who succeeded her. It further appeared that the action instituted by Dorothy E. Russell was one wherein she claimed that the fund in question, though standing in the name of the decedent, was in fact a joint tenancy account of herself and her deceased father, and the decree entered therein adjudged the same to have been a joint tenancy account which by operation of law vested in Dorothy E. Russell upon the death of John W. Russell.

The appellant's primary contention is that the probate court cannot require her, a resigned administratrix, in settling her final account, to account for the specific sum of $5,249.11, the title of which was in dispute between herself and a *third* person, where she shows that such third person obtained a judgment against her in a superior court action holding that said third person is the owner and entitled to the possession of said specific sum.

The answer is that the instant order is one in favor of the estate of the decedent against her, whereas the former judgment was by her own statement that of a third person against her. Therefore, the parties to the two actions were not the same and the former judgment was not a bar to the recovery herein. Property coming under the control of an administratrix and inventoried by her as property belonging to the estate, even though claimed adversely by another,

ordinarily must be accounted for by such administratrix in the course of her administration of the estate. The question herein is not whether some third person got a judgment against her or against the estate, but how does she actually account for the money which was in her possession. (*Elizalde* v. *Murphy*, 11 Cal. App. 32 [103 Pac. 904].) There is no merit in appellant's contention.

Order affirmed.

Wood, J., and McComb, J., concurred.