[Civ. No. 11897. Second Appellate District, Division Two.—November 22, 1939.]

In the Matter of the Estate of ANNIE WOOD CONKEY, Deceased. FLORENCE A. VAN DYKE, Appellant, v. FRED W. CONKEY et al., Respondents.

Mayock & Lester for Appellant.

Fred A. Watkins and John E. Munholland for Respondents.

MOORE, P. J.—Appeal by the deposed executrix from an order sustaining the objections of a pretermitted heir to her final account, disallowing the account and requiring said executrix to render a further, full and complete account of her administration.

On October 14, 1935, appellant applied for letters testamentary in the estate of her deceased mother, Annie Wood Conkey. In her petition, she alleged: "Petitioner is informed and believes that there is a distributable share in a trust of which the Old Colony Trust Company, Boston, Massachusetts, is trustee, under which Annie Wood Conkey, sometimes known as Annie Conkey, if living, would be entitled. The exact amount of this distributive share petitioner is not now informed."

There was no reason for appellant to qualify as such executrix except to receive from said Old Colony said distributive share for the estate of her deceased mother. The latter had departed this life more than ten years prior to the filing of said petition. Appellant was duly qualified and on November 24, 1936, filed an inventory in which she stated the following: "Amount of money received from the James Barton Wood trust, $7,210.00. As to all of this amount said administratrix Florence A. Van Dyke is not now certain that all of it belongs to the estate of decedent, but anticipates

ascertaining shortly for certain whether or not it does, or how much of it does."

On January 20, 1936, she approved a claim filed by her husband in the sum of $6,000 and it was allowed by the court October 9, 1936. On receipt of the money in June of 1936, she deposited it in her personal account. She then opened a bank account as executrix in which she deposited $1200 of the same money and out of the latter account paid $62.48 on bills of the estate. Also, she paid her husband's claim.

It appears that one James Barton Wood, father of decedent, in his lifetime, created a trust estate with the said Trust Company as trustee for the life benefit of Miriam Wood, with the remainder to others named. The said Miriam having deceased, the said Trust Company petitioned the probate court of Suffolk County, Massachusetts, for a decree distributing the remainder of the estate to the remaindermen named in the trust indenture. Pursuant to said petition, a decree of distribution was made and that part of the decree dated June 18, 1936, pertinent to this case reads as follows: "And that the following persons are entitled to said trust estate in the proportions specified as follows: . . . Florence Van Dyke, who is entitled by will of Annie Wood Conkey, who, as one of the said remaindermen, was entitled to a one-sixth interest—1/6—36/216."

The trust had been created in Massachusetts by will and had been administered in that state until its said distribution. Appellant contends: (I) That, because the decree distributed to Florence Van Dyke as described in said decree and not to Annie Wood Conkey or her estate, therefore it was intended to award the share to appellant in her individual capacity, and not to the estate of her deceased mother; (II) that the decree is final and is not subject to collateral attack if the Massachusetts court had jurisdiction to make the decree. (III) that, by giving full faith and credit to the Massachusetts decree, its finality is emphasized and the burden rests upon respondent to prove lack of jurisdiction of the Massachusetts court.

I. Appellant having qualified as executrix of her mother's estate for the sole purpose of receiving for the estate the said distributive share, it was proper for the Trust Company to forward the money to her after the court's distribution of said share to appellant. Her mother

"as one of the said remaindermen was entitled to a one-sixth interest". ■ Having opened the succession in California by qualifying as executrix, having made her said declaration in her petition, knowing of the existence of pretermitted heirs and of the origin and nature of the trust, appellant could have had no doubt that the money received by her was her mother's share of the *corpus* of said trust and that, as executrix, it was her duty to present it in her inventory. As further proof of her own conviction that the money belonged to her mother's estate, she allowed the claim of her husband for $6,000, caused the court to approve the claim and thereafter paid it out of the money received from the Trust Company. The naming of appellant in the decree of distribution as distributee did not minimize her duty as executrix to conserve the estate for all of its beneficiaries. The proof justifiably satisfied the trial court that the money was received by appellant as executrix of decedent's estate and that it should be treated as an asset of the estate. ■ The very presence of other children of decedent, who were pretermitted by her will, necessarily entitled them at least to a hearing upon their claims to heirship if, indeed, it did not establish definitely their right to participate in the succession. (Prob. Code, secs. 90 and 91.)

■ II. The finality of the Massachusetts decree is not denied. Its function was accomplished upon its entry and its purpose was achieved on payment of the money to appellant. But there a new chapter opened. The Superior Court of California has jurisdiction to determine the duty of an executor toward properties that come into his hands even though it be distributed to him by a court of a foreign jurisdiction. (*In re Roach's Estate,* 208 Cal. 394 [281 Pac. 607] ; *Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820] ; *Estate of Kelpsch,* 203 Cal. 613 [265 Pac. 214].) He is an officer of the court and occupies a fiduciary relation toward all parties having an interest in the estate. (11A Cal. Jur. 75, 76, 77.)

■ When appellant conceived that her claim to the estate or to the distributive share of the trust was in conflict with the interest of other heirs, it was her duty to hold the money for the estate, to present the matter frankly to the court and abide by its decision, or to retire from her office and engage in an open controversy with all contenders. ■ Instead of doing either, after listing the money in her inventory, she proceeded to pay $6,000 of it to her husband, thereby widening

the gulf between the legacy and the claimants that might justly be entitled thereto. Apparently because she was named as sole legatee in her mother's will, *which was never before the courts of Massachusetts,* she undertook a short cut of further disposing of other legitimate heirs by retaining the money through the simple expedient of paying most of it to her husband. But if she takes under the will, it must undergo probate which protects the rights of pretermitted heirs. Such is this proceeding which was instituted by appellant.

The Massachusetts court had no authority to deal with appellant as an executrix. As such officer in California, she had no standing in Massachusetts. (*Old Colony Trust Co.* v. *Clarke,* 291 Mass. 17 [195 N. E. 758].) But since one-sixth of the remainder of the trust estate was vested in decedent during her lifetime, subject to the terms of the trust, the trustee pursued a course of safety in paying the share to one bearing credentials as executrix of decedent's estate duly appointed by a court of competent jurisdiction. (Ibid.) It was not only the duty of the court to examine her account (*Gainfort's Estate,* 11 Cal. (2d) 298 [79 Pac. (2d) 97]; *Landis* v. *First National Bank,* 20 Cal. App. (2d) 198 [66 Pac. (2d) 730]), but to require her to produce any assets (*Russell* v. *Russell,* 23 Cal. App. (2d) 103 [72 Pac. (2d) 219]) forwarded to her from another state or of which she had taken possession. This applies with equal force to inheritances awarded by the court of a foreign jurisdiction to a California executor as well as to property acquired by such executor from another state without probate in the jurisdiction of its origin. (*In re Ortiz,* 86 Cal. 306, 315 [24 Pac. 1034, 21 Am. St. Rep. 44]; *Estate of Barreiro,* 125 Cal. App. 752 [14 Pac. (2d) 786].)

III. Full faith and credit is not involved. No question exists as to the validity of the decree. It authorized the trustee to pay the share of the remainder to appellant who, at the time, was executrix of the remainderman's estate. Upon receipt by any person of the property of a decedent, it is the duty of such person to deliver the asset to the qualified executor of the estate of such deceased. (*In re Ortiz, supra; In re Roach, supra.*) Since appellant was herself the qualified executrix of her mother's estate in California where her mother had deceased, the Massachusetts decree became an

incident in the chain of events that brought the money into appellant's hands. Upon her receipt of it, the authority of the California court became supreme with reference both to said estate and to the obligation of appellant. (Ibid.)

For the reasons indicated, the judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.