## FIRST NAT. BANK OF COLORADO SPRINGS, COLO., v. UNITED STATES.

### No. 89139.

District Court for the District of Columbia.
Dec. 26, 1939.

Warren E. Miller, of Washington, D.C., for plaintiff.

David A. Pine, U.S. Atty., Allen Crenshaw, and J. B. Costello, all of Washington, D.C., for defendant.

LETTS, Justice.

The plaintiff National Bank, of Colorado Springs, Colorado, brings this suit "as conservator of George G. Chalk," for the recovery of monthly permanent and total disability benefits, beginning July 1, 1931, under Chalk's contract of U.S. Government life (converted) insurance.

Presumably, said bank was organized under the laws of Congress relating to national banks, 12 U.S.C. Sec. 21, et seq., 12 U.S.C.A. § 21 et seq., and has been authorized by the Federal Reserve Board, under the authority of said laws, to act as guardian or conservator for the estate of said George G. Chalk, because of the latter's incompetency. 12 U.S.C. Sec. 248(k) 12 U.S.C.A. § 248(k).

Defendant's motion to dismiss states: "The defendant, the United States of America, moves the Court to dismiss the above entitled action on the ground that the Court has no jurisdiction therein because the plaintiff, Conservator of the alleged incompetent insured, is a nonresident of the District of Columbia, and is a resident of the State of Colorado, and the suit herein has not been filed in the name of an ancillary guardian appointed by the Court in the District of Columbia, as provided for in Sections 44 and 45 title 15 of the Code for the District of Columbia."

■ The plaintiff may prosecute this suit. It need not be brought and prosecuted by an ancillary guardian appointed under Sections 44 and 45 of Title 15 of the Code of the District of Columbia as the defendant contends.

This case is of a special class authorized to be brought against the United States upon Government contracts of life and disability insurance. Plaintiff's right to bring the suit exists in the consent of Congress that the United States may be sued in this class of cases. Incident to such consent Congress has prescribed the conditions under which such suits may be prosecuted. Likewise Congress has made clear the length and breadth of the privilege so granted. All this is found in the policy of Congress as it runs through liberal legislation relating to the rights and claims of veterans.

■ The broad provisions of Section 19 of the World War Veterans' Act, 1924, as amended July 3, 1930, 38 U.S.C. Sec. 445, 38 U.S.C.A. § 445, give to this plaintiff the choice of bringing suit in this court or in the district in which the veteran resides. It has elected to proceed here.

■ It is urged by the defendant that the claim here sued on may be prosecuted in this court only by an ancillary guardian appointed by this court as required by Sections 44 and 45, Title 15, of the Code of the District of Columbia. There is no merit to this contention. Section 19 of the World War Veterans' Act confers original jurisdiction upon this court to hear and determine the controversy. It is unimportant that such jurisdiction is concurrent with that conferred upon the District Court of the United States in the district where the veteran resides. The word "ancillary" as used differentiates between original jurisdiction and proceedings which are subordinate and auxiliary thereto. At common law a domiciliary guardian is not recognized in the courts of a foreign jurisdiction. Congress which possesses the legislative authority for the District of Columbia has by the enactment of Sections 44 and 45, title 15, of the Code of the District of Columbia, determined the procedure by which a guardian appointed in another state may have the aid of the courts of the District of Columbia in conserving assets of the estate situated in the District of Columbia and of enforcing the rights of the ward in this jurisdiction. In so providing Congress saw fit to vest this court with power to protect the rights of creditors resident in the District of Columbia and to safeguard the estate of the ward against the default of the domiciliary guardian. Congress in dealing with the rights of veterans clearly was privileged to act upon the subject in hand in a specific manner. Creditors of the veteran were not concerned since the proceeds of war risk insurance contracts are exempt from their demands and no other ordinary need for ancillary proceedings was present in the Congressional mind. Congress in its wisdom has provided ample protection for the ward.

■ If the appointment of an ancillary guardian is unnecessary to conserve assets, to protect creditors or to safeguard the interests of the estate or ward, it is difficult to see what useful purpose will be served by such appointment. Courts will not require the doing of a vain thing but will avoid needless delays, useless effort and unnecessary expense.

■ Sections 44 and 45, title 15, of the Code of the District of Columbia are of local application and must give way, if indeed they are not modified by laws enacting the broad and wholesome policies of Congress relating to veterans' affairs. It may be unnecessary to refer to such legislation unless to mention the act approved August 12, 1935 amending Sec.

732

21 of the World War Veterans' Act, 1924 as amended (U.S.C.Supp. VII, Title 38, Sec. 450, 38 U.S.C.A. § 450), entitled, "An Act to safeguard the estates of Veterans derived from payments of * * * insurance * * *." Therein it is provided that where any such payment of insurance is to be made to a minor or to a person mentally incompetent or under other legal disability adjudged by a court of competent jurisdiction such payment may be made to the person who is constituted guardian, curator or conservator by the laws of the state of residence of claimant, or is otherwise legally vested with the care of the claimant or his estate. It may be noted in passing that an ancillary guardian is vested neither with the care of the incompetent or of his estate. No authority can be found for payment in the case of an incompetent to any one other than the domiciliary guardian, curator or conservator. An ancillary guardian not being vested with the care of the incompetent or his estate is not subject to the further provisions of the act deemed to safeguard the interests of the incompetent, nor is he made amenable to the penalties thereof. Subsection (2) of the act is replete with provisions placing the domiciliary guardian, curator or conservator under strict supervision of the Administrator looking to the welfare of the incompetent and for the protection of his estate. By such provisions the Administrator may require accounting by such fiduciary showing the application of insurance payments for the benefit of the incompetent and it becomes the duty of the Administrator to bring to the notice of a competent court any neglect or failure of duty on the part of any such fiduciary with respect to the care of the incompetent or the safeguarding of his estate. An ancillary guardian would escape such supervision.

By the act, the Administrator may authorize the payment of necessary expenses incident to the appointment or removal of a domiciliary guardian, curator or conservator charged with the care of the incompetent and the safe keeping of his estate. The incompetent would lose such benefit if his affairs are to be entrusted to an ancillary guardian not vested with the care of the incompetent or his estate.

The act provides that breach of trust, embezzlement or misappropriation of funds, or refusal to make and file proper accountings or reports, shall render the guardian, curator or conservator liable to fine of not more than $2000 or imprisonment for not more than five years. All of such provisions of law are for the benefit of the incompetent and the protection of his estate. Congress sought in a very definite manner to insure appropriate and suitable care of the incompetent and effective security for his estate. Congress did not choose to rely upon the courts in the exercise of inherent powers to afford such care and protection. This conclusion is further emphasized by the provision near the end of Section 3, 38 U.S.C.A. § 454 note, which purports to repeal or modify all inconsistent acts.

It would be widely at variance with the policy of solicitude and care which Congress has so unmistakably declared to deny this plaintiff, the domiciliary guardian, the right to proceed with this case and to require him to entrust the interests of·his ward as involved in the issues of this case to an ancillary guardian not vested with the care of the ward or of his estate.

Defendant's motion to dismiss will be overruled.