IN RE ESTATE OF MATT J. REPP, DECEASED. ·ELIZABETH REPP, AN INCOMPETENT, BY LESTER A. DANIELSON, HER GUARDIAN AD LITEM, APPELLEE, V. LAWRENCE REPP ET AL., APPELLANTS.

54 N. W. 2d 238

Filed June 27, 1952. No. 33199.

*Bertrand V. Tibbels,* for appellants.

*Neighbors & Danielson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a proceeding brought by Elizabeth Repp, an incompetent person, by her guardian ad litem to establish her statutory marital rights in the estate of her husband. The trial court found that Elizabeth Repp was the wife of Matt J. Repp at the time of the latter's death and decreed that Elizabeth Repp was entitled to share in the estate of Matt J. Repp, deceased, as his surviving spouse. The beneficiaries under the will of Matt J. Repp have appealed.

Matt J. Repp and Elizabeth Repp were married at Fremont, Nebraska, in September 1906, and thereafter one child, Kathryn Rosalie Repp, was born and is one of the beneficiaries of the will of Matt J. Repp. The other beneficiary under the will is Lawrence Repp who was raised from early childhood by the Repps, but was never adopted by them. On March 12, 1931, while the Repps were living at Fremont, Elizabeth Repp was committed to the Norfolk State Hospital as an insane person. She has been confined at the hospital since that date and the record shows that she is incurably insane.

On January 8, 1941, Matt J. Repp filed a petition for a divorce in Natrona County, Wyoming, on the ground that Elizabeth Repp was incurably insane. The record establishes that the petitioner met the requirements of the applicable statutes of Wyoming as to residence. It is the contention of Elizabeth Repp that the district court for Natrona County, Wyoming, never obtained jurisdiction over her person in the action; that the decree of divorce is void; that such divorce decree is not entitled to full faith and credit in this state; and that it has no validity in this state by comity or otherwise. It is the contention of appellants that the Wyoming divorce was valid and must be given full faith and

credit in this state under the provisions of Article IV, section 1, of the Constitution of the United States, and of the Fourteenth Amendment thereto.

Applicable sections of the statutes of Wyoming provide as follows:

"A divorce may be granted when either husband or wife has become incurably insane; provided, that no divorce shall be granted under the provisions of §§ 35-134 to 35-138, unless such insane person shall have been duly and regularly confined in an insane asylum, of this state or of a sister state or territory, for at least five years next preceding the commencement of the action for divorce, nor unless it shall appear to the court that such insanitay (insanity) is incurable; provided further, that no action shall be maintained under the provisions of §§ 35-134 to 35-138, unless the plaintiff is an actual resident of this state, and shall have resided therein for one year next preceding the commencement of such action." § 35-134, R. S. Wyo. 1931.

"The district courts of the several judicial districts of this state shall have jurisdiction of actions for divorce under the provisions of §§ 35-134 to 35-138; and such action shall be brought in the county of this state in which the plaintiff resides, and the court in which such action is about to be commenced shall, upon the filing by the plaintiff of a petition, duly verified, showing that a cause of action exists under §§ 35-134 to 35-138, appoint some person to act as guardian of such insane person in such action, and the summons and complaint in such action shall be served upon the defendant by delivering a copy of such summons and complaint to such guardian, and by delivering a copy thereof to the county attorney of the county in which such action is brought." § 35-135, R. S. Wyo. 1931.

"It shall be the duty of the county attorney upon whom the summons and complaint in such action shall be served to appear for such defendant in such action and defend the same, and no divorce shall be granted

under the provisions of §§ 35-134 to 35-138, except in the presence of the county attorney." § 35-136, R. S. Wyo. 1931.

"Service by publication may be had in either of the following cases: * * * 9. In suits for divorce, for alimony, to affirm or declare a marriage void, or the modification of any decree therefor entered in such suit, when the defendant is a non-resident of the state or conceals himself or herself in order to avoid service or process; * * *." § 89-817, R. S. Wyo. 1931.

"In all cases where service may be made by publication under the provisions of this article, personal service of a copy of the summons and the petition in said action may be made out of the state, and such summons when issued for service out of the state, shall be returnable at the option of the party having it issued, on the second, third or fourth Monday after its date, and shall require the defendant or defendants named therein to answer the petition in said action on or before the third Saturday after the return day named in said summons." § 89-822, R. S. Wyo. 1931.

Section 35-134, R. S. Wyo. 1931, was intended to authorize incurable insanity for a period of five years as a ground for divorce, provided that certain safeguards were complied with. Under section 35-135, R. S. Wyo. 1931, the county attorney was required to be served with summons and complaint, and under section 35-136 to appear in such action and defend the same. Under section 35-135 the court, having jurisdiction of the subject matter of the action, was required to appoint a guardian of such insane person in such action. The latter section also provides that "* * * the summons and complaint in such action shall be served upon the defendant by delivering a copy of such summons and complaint to such guardian, and by delivering a copy thereof to the county attorney of the county in which such action is brought." The first question presented is whether or not compliance with the above quoted portion of sec-

tion 35-135 is sufficient of itself to give the court jurisdiction of the person of a nonresident insane defendant, and whether standing alone it meets the requirements of due process.

In Gorges v. Gorges, 42 Idaho 357, 245 P. 691, the Supreme Court of Idaho dealt with this identical proposition under a similar statute. The court said: "In actions against nonresident defendants for divorce on the ground of insanity, the sections of our statute providing for divorce upon such ground, and the procedure therein provided * * *, should be construed together and harmonized with the general statutes relating to service of process upon nonresidents. * * * We therefore hold that the procedure providing for the appointment of a guardian ad litem in divorce actions against nonresident insane defendants, and service of the summons and complaint upon said guardian and the 'county' attorney, * * * are valid and necessary parts of the procedure in such cases, but are additional to the general requirements for the service of process. Therefore, jurisdiction of the action, or of the parties, * * * is not complete until service is had on the insane defendant in compliance with the requirements of * * *" the general statutes governing process in divorce cases.

In discussing the section similar to section 35-135, R. S. Wyo. 1931, here involved, the Idaho court had this to say: "The guardian ad litem represents the person of the nonresident insane defendant, not for the purpose of giving the court jurisdiction of the subject matter, or of the person of the defendant, on the theory of constructive service, but to aid and assist in properly safeguarding the interests of the incompetent defendant. The prosecuting or 'county' attorney represents the state primarily to the end that the insane defendant may have any known defenses to the action properly interposed, and his rights jealously guarded and protected at each stage of the proceeding; in short, that a trial of the issues would be insured. These provisions of the statute were

not intended to provide a different method of obtaining service of process on nonresident insane defendants in divorce actions, or to supersede the general statutes relating to service of process on nonresidents, but should be construed to be additions to the procedure in this class of cases. Service of copies of summons and complaint on the prosecuting or 'county' attorney, and the appointment of, and service on, the guardian ad litem, operated to give these functionaries notice of the pendency of the proceeding. Such service, in the case of nonresident insane defendants, is not valid constructive or substituted service of summons, and does not constitute due process of law within the meaning of section 1 of the fourteenth amendment to the federal constitution."

The foregoing interpretation of the statute eliminates questions of unconstitutionality because of conflicts with the due process clause of the state as well as the federal Constitution, a construction, we think, which the court was obliged to place upon it under the ordinary rules of statutory construction. We approve and adopt the reasoning of the Idaho court and hold that sections 35-134, 35-135, and 35-136, R. S. Wyo. 1931, must be construed in conjunction with sections 89-817 and 89-822, R. S. Wyo. 1931. We hold, therefore, that the procedure providing for the appointment of a guardian ad litem in divorce actions against nonresident insane defendants, and the service of summons and complaint upon such guardian and the county attorney, are valid and necessary parts of the procedure in such cases, but are in addition to the statutory provisions concerning the service of process in divorce actions generally. Standing alone they do not constitute valid constructive or substituted service of summons. Consequently, the jurisdiction of the court over the person of the defendant, a nonresident insane spouse, is not complete unless service is had on the defendant as required by sections 89-817 or 89-822, R. S. Wyo. 1931.

The defendants contend that plaintiff has not affirma-

tively shown that service of process was not had upon defendant in accordance with either of sections 89-817 or 89-822, R. S. Wyo. 1931. The rule in such cases is that when a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is open to inquiry. The party attacking the validity of the judgment has the burden of establishing its invalidity. Sutton v. Leib, 342 U. S. 402, 72 S. Ct. 398, 96 L. Ed. 352. If such judgment on its face appears to be one entered by a court of general jurisdiction, such jurisdiction over the subject matter and the parties will be presumed, unless disproved by extrinsic evidence or by the record itself. Adam v. Saenger, 303 U. S. 59, 58 S. Ct. 454, 82 L. Ed. 649; Milliken v. Meyer, 311 U. S. 457, 61 S. Ct. 339, 85 L. Ed. 278, 132 A. L. R. 1357. The merits of the cause of action resulting in the judgment may not be reviewed by virtue of the full faith and credit clause of the federal Constitution. Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039; Titus v. Wallick, 306 U. S. 282, 59 S. Ct. 557, 83 L. Ed. 653.

No attempt was made to prove want of jurisdiction of the parties or of the subject matter by extrinsic evidence. The question for determination is whether the record itself shows a want of jurisdiction over the person of Elizabeth Repp. This necessarily requires that the record of the district court for Natrona County, Wyoming, establish of itself an inconsistency between the facts shown by the record and the findings and judgment rendered thereon, as to the question of jurisdiction over the person of Elizabeth Repp.

The record of the divorce action, authenticated as required by law, shows the following facts bearing upon the question of the court's jurisdiction over the person of Elizabeth Repp. The prayer of the petition filed on January 8, 1941, requested the appointment of John W. Newell of Edgerton, Wyoming, as the guardian of Elizabeth Repp for the purpose of obtaining service of process

upon her. A praecipe was filed requesting the issuance of summons addressed to the sheriff of Natrona County, Wyoming. A summons was issued as prayed, directing the sheriff of Natrona County, Wyoming, to notify Elizabeth Repp of the pendency of the divorce action. The only return filed showed an acceptance of service of a copy of the summons by the county attorney of Natrona County. On February 7, 1941, the guardian ad litem acknowledged service of a copy of the petition and summons in the action, and consented that the trial could be held at any time. The trial was held on February 7, 1941, one day prior to the answer day contained in the summons issued for service on Elizabeth Repp in Natrona County, Wyoming. The decree of the court recites that defendant appeared by her guardian and was represented by the county attorney of Natrona County, Wyoming. No default was entered against Elizabeth Repp, the decree finding that she was legally served with process. The clerk of the district court certifies that the instruments contained in the transcript certified to by him are a full, complete, and exact copy of all instruments, records, entries, and filings filed or made in the divorce action.

We think this evidence establishes, along with other undisputed evidence in the record, that personal service of process was not had or attempted as authorized by section 89-822, R. S. Wyo. 1931. No claim is made that service was had by publication in accordance with section 89-817, R. S. Wyo. 1931. It will be noted that the praecipe filed requested the issuance of summons for Elizabeth Repp in Natrona County, Wyoming. The plaintiff in the action Matt J. Repp, knew of course that Elizabeth Repp was confined in the Norfolk State Hospital, Norfolk, Nebraska, and that personal service could not be had upon her in Natrona County. It must have been contemplated that service upon Elizabeth Repp in Natrona County, Wyoming, would be obtained by service upon the guardian and county attorney. It is evident

from the record that plaintiff relied wholly upon compliance with the provisions of section 35-135, R. S. Wyo. 1931, to obtain service of process upon Elizabeth Repp. This is competent evidence, when considered along with the records of the case heretofore detailed, that no personal service was had or attempted as required by section 89-822, R. S. Wyo. 1931. It is evident also that reliance was had in obtaining process over the person of Elizabeth Repp upon section 35-135, R. S. Wyo. 1931, only. Otherwise, a hearing could not have been held one day prior to the return day of the summons issued. The hearing could have been held on February 7, 1941, only if reliance was solely placed upon the service had upon the guardian and county attorney, and their consent to an otherwise premature hearing. We hold therefore that the record in the divorce case shows that service of summons was not had on Elizabeth Repp by publication (§ 89-817, R. S. Wyo. 1931), or by personal notice in lieu thereof (§ 89-822, R. S. Wyo. 1931). This being true, the service had does not constitute due process under section 1 of the Fourteenth Amendment to the Constitution of the United States.

It is fundamental, we think, that a judgment of a sister state which does not meet the fundamental requirements of due process as required by section 1 of the Fourteenth Amendment to the Constitution of the United States has no validity in any state, even as a matter of comity. In Griffin v. Griffin, 327 U. S. 220, 66 S. Ct. 556, 90 L. Ed. 635, the court said: "A judgment obtained in violation of procedural due process is not entitled to full faith and credit * * *. Moreover, due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process. Restatement of Judgments, § 11, Comment c." The adequacy of substituted service so far as due process is concerned is dependent upon whether or not the form of substituted service is reasonably calculated to give the defendant

actual notice of the proceedings and an opportunity to be heard. Milliken v. Meyer, *supra*. In the case at bar, the record shows that the substituted service required by section 89-822, R. S. Wyo. 1931, was not had at all. Consequently, no legal process was had upon the defendant and due process was not had.

It is argued by defendants below that divorce was originally a legislative function and consequently the Legislature is not obliged to comply with the due process clauses of the state and federal Constitutions. In this respect we point out that legislative divorces are prohibited by section 27, Article III, of the Constitution of the State of Wyoming. The granting of divorces in that state is a judicial function which implies a hearing at which the defendant is entitled to a notice consistent with due process. Without it a divorce decree of a sister state is not entitled to full faith and credit, even as a matter of comity. German Savings and Loan Society v. Dormitzer, 192 U. S. 125, 24 S. Ct. 221, 48 L. Ed. 373; Thompson v. Thompson, 226 U. S. 551, 33 S. Ct. 129, 57 L. Ed. 347; Williams v. North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A. L. R. 1273; on second appeal, 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366; Griffin v. Griffin, *supra;* Forrest v. Fey, 218 Ill. 165, 75 N. E. 789, 109 Am. S. R. 249, 1 L. R. A. N. S. 740.

Other points raised by the appeal have been examined and we have found them inapplicable or without merit under the record before us. The judgment of the trial court is correct and it is affirmed.

AFFIRMED.