Irving H. Saypol, J.
The corporate cotrustee petitions for an order for final settlement of the account and other relief (Civ. Prac. Act, art. 79) and proposes to distribute the infant’s share directly to his father (who also is cotrustee), as general guardian by appointment of the Probate Court of the District of New Canaan, Connecticut. The special guardian approves the account and is in accord with the proposed method of distribution but points out that since the institution of this proceeding letters of guardianship of the infant’s estate issued out of the Superior Court of California, Santa Clara County, and that the cotrustee is willing to comply with the father’s request to make distribution directly to him in his capacity as California guardian. The special guardian shows additionally that upon investigation he is satisfied that California law and procedures amply assure pro *661 teetion of the infant’s estate in respect of security and continuing judicial supervision.
The account as filed is settled and allowed.
On the question of distribution of the infant’s interest, while it is true, as the special guardian states, that the combination of the trustee’s willingness to pay directly, the broad language of the trust instrument authorizing payment to parent and the assurance of protection under California law support, for practicality and economy such direct payment, I am constrained to hold otherwise. Volpe v. Emigrant Ind. Sav. Bank (303 N. Y. 704, affg. without opinion 277 App. Div. 543, revg. 99 N. Y. S. 2d 6), cited by the special guardian, is authority for exculpation of one who voluntarily pays (44 C. J. S., Insane Persons, § 154, p. 333). But, generally speaking, a foreign guardian or the committee of a mental incompetent, by virtue of his foreign appointment, has no rights in respect of the domestic property of his ward (44 C. J. S., Insane Persons, p. 332). Considering the Volpe case (supra) as of limited applicability, to the estate of a mental incompetent and on its particular facts involving-direct payment to the foreign representative as against the claim of the incompetent himself, on the different question here of the propriety of judicial direction for payment without ancillary guardianship, leads to the conclusion that the court has no power to dispense with the ancillary proceeding (Surrogate’s Ct. Act, § 184 et seq.; Morrell v. Dickey, 1 Johns. Ch. 153; Gasper v. Wales, 223 App. Div. 89, 91; Matter of Bond, 251 App. Div. 651; Matter of Mathews, 64 N. Y. S. 2d 662, 664).
The compensation of the special guardian is fixed in the amount requested.
Settle order.