[Civ. No. 25280.   Second Dist., Div. Two.   Oct. 18, 1961.]

HORACE MAYER, as Committee, etc., Appellant, v. JOHN
HOMER WILLING, Individually and as Executor, etc.,
Respondent.

Jacob Paull for Appellant.

Samuel J. Crawford, Jr., Enright, Elliott & Betz and
Joseph T. Enright for Respondent.

FOX, P. J.—This is an action brought by a guardian of the
estate of an incompetent against the executor of the guardian
of the person of the incompetent for an accounting of monies
paid by the plaintiff to the guardian of the person for the care
of the incompetent.   Defendant was named in his personal as
well as his representative capacity.   The guardians were ap-
pointed by the New York courts and are referred to as the

"committee of the property" and the "committee of the person." Plaintiff appeals from a judgment of dismissal.

The complaint alleged that in 1922, by order of the Supreme Court of the State of New York, Edward Mayer was declared incompetent. Plaintiff Horace Mayer, Edward's brother, was appointed committee of Edward's property. His stepmother, Minnie (Mayer) Willing, was appointed committee of his person. Minnie acted as such until her death, and Horace is still acting as committee of his property. Minnie died testate in California, a resident of Santa Monica, in 1958. Defendant John Willing, her surviving spouse, was named as executor in her will and has qualified as such. In 1941 the New York court ordered Horace to pay Minnie $6,500 per year for Edward's support. In 1951 the amount was raised to $8,000. The 1951 order remained in effect until Minnie's death. Pursuant to these orders, Horace paid Minnie $146,625 between March 1, 1946, and September 1, 1958, by checks payable to "Minnie Mayer, as Committee of the Person of Edward Willis Mayer, an incompetent person." It was further alleged that an unknown portion of these funds was applied by Minnie to her own benefit and that of defendant Willing, and that this fact was discovered in December of 1958. Judgment was sought (1) imposing a trust on the funds alleged to have been misappropriated, together with rents and profits; (2) requiring defendant to account; (3) requiring defendant to convey any property acquired with misapplied funds; and for various other relief. It is not alleged that either Horace or Minnie was qualified as guardian in this state.

Judgment was rendered in favor of defendant on three grounds: (1) Plaintiff lacked capacity to bring such an action; (2) Minnie (her estate) is immune from such an action; and (3) the superior court has no jurisdiction to hear the action.

The proper place to begin a discussion of the questions raised by the complaint is with section 1913 of the Code of Civil Procedure. It reads: "The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding, *and except, also, that the authority of a guardian or committee,*[1] *or of an executor or administrator, does not extend beyond the jurisdiction of the govern-*

---

[1] By "committee" the statute means "guardian" in jurisdictions which use the former term. (*Carlton* v. *Miller,* 114 Cal.App. 272, 275 [299 P. 738].)

*ment under which he was invested with his authority.''* The italicized portion of this statute is merely a codified expression of the common-law rule. (*Estate of Conkey,* 35 Cal.App.2d 581, 586 [96 P.2d 383]; *Lewis* v. *Adams,* 70 Cal. 403, 408, 411 [11 P. 833, 59 Am.Rep. 423].) *Canfield* v. *Scripps,* 15 Cal. App.2d 642 [59 P.2d 1040], involving an executor, quotes from the opinion of Mr. Justice Story in *Vaughan* v. *Northup,* 15 Pet. (U.S.) 1 [10 L.Ed. 639], which states: "Every grant of administration is strictly confined in its authority and operation to the limits of the territory of the government which grants it; and does not, *de jure,* extend to other countries. It cannot confer, as a matter of right, any authority to collect assets of the deceased in any other state; and whatever operation is allowed to it beyond the original grant is a mere matter of comity, which every nation is at liberty to yield or to withhold, according to its own policy and pleasure, with reference to its own institutions and interests of its own citizens. On the other hand, the administrator is exclusively bound to account for all the assets which he receives under and in virtue of his administration to the proper tribunals of the government from which he derives his authority; and the tribunals of other states have no right to interfere with or to control the application of these assets, according to the *lex loci.* Hence, it has become an established doctrine that an administrator, appointed in one state, cannot, in his official capacity, sue for any debts due to his intestate in the courts of another state; and that he is not liable to be sued in that capacity in the courts of the latter, by any creditor, for any debts due there by his intestate. The authorities to this effect are exceedingly numerous, both in England and America. . . .'' (15 Cal.App.2d at pp. 644-645.) Also cited in *Canfield* v. *Scripps* is *Helme* v. *Buckelew,* 229 N.Y. 363 [128 N.E. 216]. In an opinion by Mr. Justice Cardozo, a distinction was made between the *disability* of a foreign representative to bring a local action in his representative capacity and his *immunity* from action in local courts. It was held that a statute purporting to dissolve both the immunity and the disability could not properly so do with respect to the immunity, for while "comity, though it may enlarge their rights, cannot unless it is also the comity of domicile, enlarge their liabilities . . . .'' (128 N.E. at p. 219.)

There are numerous authorities, within and without this jurisdiction, which deny executors and administrators the power to appear in that representative capacity in a court out-

side the appointive jurisdiction. (*McCully* v. *Cooper*, 114 Cal. 258 [46 P. 82, 55 Am.St.Rep. 66, 35 A.L.R. 492]; *Estate of Waits*, 23 Cal.2d 676 [146 P.2d 5]; *Estate of Conkey, supra*; *Gilmore* v. *American Central Ins. Co.*, 67 Cal. 366 [7 P. 781]— must have ancillary letters; *Lewis* v. *Adams, supra*. See also *Wallan* v. *Rankin*, 173 F.2d 488; *Canfield* v. *Scripps, supra*; Story, Conflict of Laws, § 513; Rest., Conflicts, § 507.)

There appear, however, to be only two cases in this state which have dealt with the local authority of a guardian appointed in another jurisdiction, and neither dealt with the guardian's authority to sue or be sued. In *McNeil* v. *First Congregational Society*, 66 Cal. 105 [4 P. 1096], it was held that a Massachusetts guardian had no authority to convey her ward's real property situated in this state; and in *Wilson* v. *Hastings*, 66 Cal. 243 [5 P. 217], it was held that a Mississippi guardian had no authority to consent to a probate sale of real property located here. But there are numerous cases from other jurisdictions that not only speak generally of the lack of authority of a foreign guardian (39 C.J.S., Guardian and Ward, § 186; Beale, Conflict of Laws, p. 219; *In re Kiessling's Trust*, 11 Misc.2d 660 [174 N.Y.S.2d 544]; *In re Feltrinelli's Estate*, 159 N.Y.S.2d 563; *Winslow* v. *Lewis*, 15 Ill.App.2d 55 [144 N.E.2d 782]) but hold that he may not bring an action on behalf of his ward (*Volpe* v. *Emigrant Industrial Savs. Bank*, 303 N.Y. 704 [103 N.E.2d 61]; *In re Fletcher's Guardianship*, 157 Neb. 196 [59 N.W.2d 359]; *Chancellor* v. *Chancellor*, 202 Okla. 389 [214 P.2d 261]; *Irwin* v. *Keokuk Sav. Bank & Trust Co.*, 218 Iowa 474 [255 N.W. 670]; *In re Prouty's Estate*, 101 Vt. 496 [144 A. 691]; *First Nat. Bank* v. *United States*, (D.C.) 30 F.Supp. 730) nor may he be sued in his representative capacity (*In re Nast*, 10 Misc. 133 [166 N.Y.S.2d 43]). "A guardian has no power, by virtue of his office alone, to sue on behalf of his ward in the courts of a state other than that in which he receives his appointment, but the appointment of an ancillary guardian should be made, or a letter of ancillary guardianship should be granted, in the jurisdiction where the suit is to be instituted . . . . As a general rule, the guardian cannot be sued, or appear as a party to a proceeding, outside the jurisdiction in which he received his appointment . . . ." (39 C.J.S., Guardian & Ward, § 190.)

Solely with respect to the *disability* of foreign representatives to bring an action, certain exceptions, none of which is applicable here, have been established. For example, they

have been permitted to bring an extra-territorial action on a *judgment* obtained in the appointing state because such a judgment "will not form the foundation of an action by an ancillary administrator" (*Lewis* v. *Adams,* 70 Cal. 403, 408 [11 P. 833, 59 Am.Rep. 423]); judgments in favor of a foreign guardian have been allowed to stand on appeal where no objection was made to his representative capacity at the trial level (*McLean* v. *American Sec. & Trust Co.,* (D.C.) 119 F.Supp. 405); some states have statutes authorizing such actions without ancillary letters, *Helme* v. *Buckelew, supra*; *Wilson* v. *Brown* (Ky.), 106 F.Supp. 500; and at least one other has a reciprocity statute (*In re Fletcher's Guardianship,* 157 Neb. 196 [59 N.W.2d 359]). There is nothing in the record in the instant case to persuade us that either plaintiff's disability or the decedent's immunity should be overlooked, and Code of Civil Procedure section 1913 is anything but an expression of a legislative desire to extend authority by comity to foreign representatives. In passing it should be noted that the courts of New York (the jurisdiction conferring authority on plaintiff and the decedent) have held that a California *guardian* has no authority to sue in New York (see *In re Kiessling's Trust,* 11 Misc.2d 660 [174 N.Y.S.2d 544]) and that a California guardian is immune from an action to compel an accounting (*In re Nast,* 10 Misc.2d 133 [166 N.Y.S. 2d 43]).

Because of the view we take of these matters it is unnecessary to discuss the question of jurisdiction.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.